John Adam Becker, Appellant, v. The Lebanon and Myerstown Street Railway Company.

*Res adjudicata—Bill in equity—Ejectment.*

Where the object of an ejectment suit is to oust the defendant from the possession of a highway with its constructed railway, the matter is res adjudicata under a proceeding in equity already brought to restrain said defendant from locating its railway on the same street; in which proceeding an injunction was refused.

Argued Oct. 25, 1899. Appeal, No. 148, Oct. T., 1899, by plaintiff, from judgment of C. P. Lebanon Co., Jan. T., 1897, No. 400, on verdict for defendant. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by BEAVER, J.

Ejectment. Before SIMONTON, P. J., of the 12th judicial district, specially presiding.

It appears from the record that this was an action of eject-

ment brought against defendant to recover possession of real estate, taken and held by the defendant, against the owner without authority of law. The defendant pleaded a former adjudication, which was interposed as res adjudicata by said defendant, being a decree dismissing bill in equity which asked the court to grant an injunction restraining the defendant therein from entering on the land of the plaintiff (the subject of this action). Defendant offered in evidence the record of the equity proceedings recorded in Becker v. Railway Co., 188 Pa. 484. See also Becker v. Railway Co., 9 Pa. Superior Ct. 102.

The trial judge admitted the record of the equity suit for the purpose, res adjudicata, for which it was offered, overruled plaintiff's objection to the offer and charged the jury as follows:

[The parties to this action have been in the courts before, both this court and the Supreme Court, and indeed in the Superior Court, with respect to the same general matter that is litigated in this case and both in this court and in the Supreme Court, as I understand, it has been conceded that this defendant went on to the property of this plaintiff without having a right to do so; went there and imposed an additional servitude upon that property and in this case we decide simply upon the question whether the defendant had a right to do what it did in imposing that servitude upon the plaintiff's property, which already was subject to the servitude of the turnpike company.] [2] We would have no difficulty in deciding the case in favor of the plaintiff and that the defendant had no right, but there comes here another question, and that is whether the question that is litigated in this case at this time has not been already decided. If it has been decided by the Supreme Court that is an end of the matter for us. It is of no moment whether we consider that it ought to have been decided as it was or not; that is a matter with which we have nothing to do; if it has been decided, that is conclusive for us and we are bound by the decision. It is not very easy for us to understand how this defendant, going upon the land without right and establishing a servitude there without any legal right to do so, should have got the right by remaining there simply by the lapse of time, but if it has been decided that it did get that right by the Supreme Court that is an end of the matter for us.

[Now, if the same question that is raised here was raised in the case that went to the Supreme Court, then of course it was decided. Whatever was litigated in the case that went to the Supreme Court was decided in favor of the defendant, and if that was the same question that is litigated now in this case then it must be decided in the same way. As I understand it, the question then in this court before, which went to the Supreme Court, was whether the defendants had a right to run their street railway line over this land of the plaintiff. In the nature of the case that must have been the question. What the plaintiff then was complaining of was that they intended to run it, in the first place, and when his case was tried that they were running it over his land. He was not complaining that they had turned him out of the land and taken exclusive possession of it; he was not complaining that they were using the land for any other purposes than to lay their track across it and to run their cars across it. That then was the question in the former case. What are they doing now else or more than that? They have not taken exclusive possession of it now. They are not claiming the right to do anything more now than to maintain their tracks there and run their cars across it. I am unable to see that they are claiming anything additional in this case from what they were in that case. The Supreme Court in that case decided that they had a right, under the circumstances as they existed at the time the case was tried, the Supreme Court said they had a right to do so, and if they had a right then they have a right now, and if they have a right now then the plaintiff cannot deprive them of that right, and any judgment we give in favor of the plaintiff in this case, if the proceeding be such a one that he would be entitled to maintain the action and to obtain a judgment, which we do not consider it necessary to decide, but if it were, the only effect of it would be to obtain from this court now a judgment granting him a right, which the Supreme Court refused him in the other case.] [3] It is argued that that may be done because that was a case in equity and this is a case at law. I do not think any such a distinction as that is recognized in the jurisprudence of Pennsylvania. I think it is one of the glories of our system that when a party comes into court and brings another one in against whom he complains, he gets the same measure of redress whether he

brings his action at law, as it is called, or whether he goes into court with a bill in equity.    [The only question is which is the proper form of remedy from the particular circumstances of the case ; but when it comes down to determining the rights of the parties the same principles are applied to the determination of the rights whether it be at law or whether it be in equity, and the question in this case, as in the case before the Supreme Court, is as to the rights of the defendant to lay their track across this land and run their cars across it, and if they have a right to do it in one form of action,—when the question is raised in one form of action, they must necessarily have a right to do it when the question is raised in the other form of action, if either or both forms are proper in which to discuss the question ; and that is the case for the purposes of this action, because the Supreme Court have already said practically by acting upon it, that the other form was a proper one in which to consider and determine the question, and we assume, for the purposes of this case, this is a proper form, and therefore the question is the same in both cases, the right of the defendant, and the Supreme Court have said in the former case that the defendant had a right and we are bound to do it in this case and do say it, and therefore we instruct a verdict in favor of the defendant.]    [4]

*Errors assigned* were (1) in overruling the objection of the plaintiff thereto ; and in its admission of the offer, by the defendant, of the record of a proceeding in equity for an injunction to restrain the defendant from entering upon the real estate of the plaintiff, for the purpose of sustaining its defense of res judicata, in this action of ejectment.    (2–4) To portions of the judge's charge, reciting same.    (5) In giving binding instructions to the jury to find a verdict in favor of defendant.

*Bassler Boyer*, for appellant.—The court below erred in admitting the record of the equity suit for the purpose of sustaining the defense of res judicata : Schriver v. Eckenrode, 87 Pa. 213 ; Duchess of Kingston's Case, 20 S. T. 355.    The two cases present different causes of action.

Before the construction corps of the defendant railway company had reached and commenced operations on the land of the plaintiff in the turnpike, he filed, and had served, on the

defendant, a bill in equity for an injunction to restrain and prevent it from entering on his land.

This action of ejectment is based upon a cause or act of the defendant, which occurred and arose, according to the above admission in the answer of the defendant, after the filing and service of the plaintiff's bill.

There could therefore not have been the same cause of action for the two suits or actions ; and the same fact could not have been at issue in both actions.

The same point at issue here, not adjudicated in the equity suit.

To also constitute the former adjudication a complete bar, it must appear to have been a decision upon the merits : Kelsey v. Murphy, 26 Pa. 78.

Was the dismissal of the bill, res judicata? Brandlyn v. Ord, 1 Atk. 571; Pickett v. Loggon, 14 Ves. 215, 232, quoted as authoritative in Mitford and Tyler's Practice and Pleadings in Equity, 330.

Judge SIMONTON admits the right of the plaintiff to this remedy, and, in his charge to the jury, says that, but for this imaginary estoppel of an alleged former adjudication, he would have had no hesitation in directing a verdict for the plaintiff: Penna. R. Co. v. Montgomery Co. Passenger Railway, 167 Pa. 62.

The complaint of the plaintiff in his bill was that the railway company threatened to enter upon the land, and to build and operate its railway on it perpetually ; which surely means a threatened, and not a then existing deprivation of the use of his land by the plaintiff.

This is one of the main straws which shows the mistaken bent of Judge SIMONTON's mind. He was wrong in his premises, and the erroneous result had to follow.

*C. H. Killinger,* with him *T. H. Capp* and *S. P. Light,* for appellee.—The parties in both actions are similar. The subject-matter, the locus in quo, is the same. The cause of action is substantially the same.

Even from the aspect of an anticipated injury alone the decree in the equity proceeding seems to us to be conclusive of the present controversy.

Cause of action embraces two factors, the right of the plaintiff and its infringement by the defendant: 1 Ency. Pl. and Pr. 116.

" It is . . . . the act on the part of the defendant which gives the plaintiff his cause of complaint," per BRETT, J., in Jackson v. Spittall, L. R. 5 C. P. 542.

The right of the appellant—his title to the land in the highway, the locus in quo—has never been disputed.

The entire controversy between the parties has been in regard to the act of the appellee in constructing its street railway upon the turnpike, over land of the appellant, its legality, its effect upon the appellant and his remedy under the circumstances.

In appellant's bill in equity he complains that, by the construction of the railway, he " is deprived of his lawful and rightful use of his own land contained in the said turnpike road," and that is the gist of his injury. In appellant's action of ejectment he complains that he has been ousted from the same land by the construction of the railway thereon.

The gist of both proceedings is the same unlawful act of the appellee : the construction of its street railway upon the turnpike ; both are based upon the same cause of action. It is not a different cause of action because in one case it is an anticipated cause of action, and in the other case it is the same cause of action consummated.

The relief afforded by the two proceedings is substantially similar.

The test of res adjudicata is " the effect of a final decree in the equity suit," as suggested by Mr. Justice PAXSON in Warner v. Topkins, 111 Pa. 328: Westcott v. Edmunds, 68 Pa. 34; Pittsburg R. R. Co. v. Railroad Co., 76 Pa. 481; Myers v. Kingston Coal Co., 126 Pa. 582.

The appellant's only remedy is an action for damages. This was expressly decided by the Supreme Court in Becker v. Railway, 188 Pa. 484.

OPINION BY BEAVER, J., November 20, 1899:

In the trial of this case in the court below, the defendant claimed that the precise question involved therein had been determined in Becker v. Lebanon, etc., Street Ry. Co., 188 Pa.

484, and interposed the plea of res adjudicata, and the court directed a verdict for the defendant upon this ground.

The only question for our consideration is whether or not the proceeding in equity in Becker v. St. Ry. Co., supra, was an actual determination of the question involved in this action of ejectment. If it was, the judgment of the court below must stand. The report of the case in 188 Pa. 484, supra, is very full, and an examination of it leaves no doubt as to what was involved in it and determined by it. In that case the second of the plaintiff's prayers for relief was " That the defendant be commanded, directed and enjoined to at once abate and remove any portion of the said railway, its embankment, ties, rails and fittings, poles and wires, where the same had been constructed and are located and in position on the said Berks & Dauphin turnpike road in the said township of South Lebanon in front of and along the land of the plaintiff, as complained of, and to leave the said turnpike road in as good condition, repair and shape and the plaintiff's facilities for coming and going to and over his land by way of the said turnpike road at the said place as they were, before the said railroad was constructed." This prayer was denied in the court below and that denial affirmed in the Supreme Court. What would have been the effect in the present case of a verdict for the plaintiff, a judgment entered thereon and a writ of habere facias possessionem issued therein? The sheriff in execution of that writ would undoubtedly have done precisely what the plaintiff asked to have done in his prayer for relief quoted above. He could have done nothing more and the defendant would have been satisfied with nothing less. The precise question, therefore, was determined in the bill in equity above referred to, and that determination must stand and bar a recovery in the present case. It is true that in the opinion of the Supreme Court it is said: " Appellant plants himself firmly on his legal right, and, if he were in a court of law, his position would be incontestable, but he has come into a court of equity, asking its aid by injunction, which is of grace and not of right; " but in the same opinion the manner in which that legal right is to be enforced and its infraction atoned for is clearly and distinctly stated as follows: " In view of the learned judge's findings in the present case on the loss to the defendant, the inconvenience to the public, the small-

ness of the injury to the complainant and its easy compensability in money, he could scarcely have reached any other conclusion than that the complainant, however clear his right, should be left to his remedy in damages." It is hardly necessary to say that such damages cannot be recovered in the present action.

All of the assignments of error, whether relating to the admission of testimony or the charge of the court, embrace this single question.

A careful consideration of the whole case and of the judgment of the court in the equity proceeding leaves no doubt in our mind of the correctness of the disposition of the present case in the court below.

Judgment affirmed.