# Becker *v.* Lebanon & Myerstown Street Railway Company.

*Street railways—Illegal use of turnpike road—Remedy of landowner—Trespass for damages—Ejectment.*

Where a street railway company without authority lays its tracks upon a turnpike road the injury to an adjoining landowner is in the illegal or excessive user of an easement of passage and travel, and his remedy for that is an action of trespass for damages. He is not entitled to maintain ejectment, since he is not entitled to possession. He has only the fee in the soil, subject to the possession and use of the surface by the turnpike company for public travel.

*Appeals—Equity—Remedy at law—Supreme Court—Superior Court.*

Where a landowner has filed a bill in equity against a street railway company to compel the removal of tracks illegally laid upon a public road, and has failed in his suit because of laches, and has subsequently brought an action of ejectment against the street railway company and both the common pleas and the Superior Court have held that the matter was res adjudicata by reason of the equity suit, the Supreme Court will refuse to allow an appeal from the Superior Court, not because the question is res adjudicata, but because the appellant's remedy was by an action of trespass for damages. Becker v. Railway Co., 188 Pa. 484, explained.

Motion for the allowance of an appeal from the Superior to the Supreme Court. Superior Court, October Term, 1899, No. 148.

*Bassler Boyer,* for appellant.

OPINION BY MR. JUSTICE MITCHELL, April 23, 1900:

This is a petition for allowance of an appeal from the judgment of the Superior Court, and we depart from our usual prac-

tice of disposing of such applications without comment, in order to avoid a serious misapprehension of our decision in a previous suit between the same parties: Becker v. Lebanon, etc., Railway Co., 188 Pa. 484.

That was a bill for a mandatory injunction to take up the defendant's rails laid upon the turnpike in front of plaintiff's land. It was conceded that the rails were laid without legal authority though not in intentional violation of law, and it was said by this court that "plaintiff plants himself firmly on his legal right, and if he were in a court of law, his position would be incontestable." But it was held that by his delay in proceeding for nearly two years and a half after the railway was completed and in operation, and it having in the mean time become a great public convenience, plaintiff had lost his claim to an equitable remedy which is of grace and not of strict right, and the case was within the rule that an injunction will not be granted when the benefit to the complainant is entirely disproportionate to the injury which the injunction would inflict. It was further said that it appeared clearly by the findings of the learned judge below that plaintiff's injury was "not considerable in amount and may be readily compensated in damages."

The present suit is an action of ejectment for the land on which the rails of the defendant are laid. At the trial the record of the equity suit was received as evidence that the matter was res adjudicata, and notwithstanding the pains which both Judge McPHERSON, and this court in affirming him, had taken to put the decision on the question of remedy alone, the presiding judge charged the jury that " the question is the same in both cases, the right of the defendant, and the Supreme Court has said in the former case that the defendant had a right . . . . and therefore we instruct a verdict in favor of the defendant."

The Superior Court took practically the same erroneous view, though at the close of the opinion reference is made to the remedy as being in damages which are not recoverable in this action: Becker v. Lebanon, etc., Street Ry. Co., 11 Pa. Superior Ct. 649.

But though put by the court on the wrong ground, the decision itself is right. The action of ejectment does not lie in such a case. The defendant was not in possession of the land

in such sense that ousting it would put plaintiff in possession, and even if it were, plaintiff is not entitled to possession. He has only the fee in the soil subject to the possession and use of the surface by the turnpike company for public travel. The injury to him is in the illegal or excessive user of an easement of passage and travel, and his remedy for that is an action of trespass for damages.

As the judgment therefore would have to be affirmed it would be useless to allow an appeal.

Appeal refused.