# Wentzel's Assigned Estate.

*Assignment for creditors—Counsel fees—Compensation—Confirmation of account—Opening decree—Laches.*

The appellate court will not reverse an order opening the confirmation of an account of an assignee for creditors, where the order is based upon a finding that the petitioner who was one of the assignors was ignorant of the fact that the account had been filed until after its confirmation, and that the amount charged for compensation was excessive; but it will not open the confirmation of the account as to counsel fees where it appears that such fees were actually paid, and that the petitioner had delayed for nearly ten months after he had knowledge of the confirmation of the account before instituting proceedings; and it is immaterial that the counsel paid, in the absence of any evidence of collusion, was the brother of the accountant.

Argued Nov. 15, 1905.    Appeal, No. 154, Oct. T., 1905, by J. Hain Mengel, Assignee, from decree of C. P. Berks Co., June T., 1905, Assignee Docket, Vol. 4, setting aside confirmation of account in Assigned Estate of Jeremiah H. Wentzel. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.   Reversed in part.

Petition to set aside confirmation of account.   Before ENDLICH, J.

The opinion of the Superior Court states the case.

*Error assigned* was the decree of the court.

*Cyrus G. Derr*, with him *Ralph H. Mengel*, for appellant.

*C. H. Ruhl*, with him *Joseph R. Dickinson*, for appellee.

OPINION BY HENDERSON, J., March 12, 1906:

The appellant's account which was filed July 13, 1903, was confirmed absolutely August 10, 1903.   On June 18, 1904, Jeremiah H. Wentzel, one of the assignors, presented a petition to set aside the confirmation of the account and for leave to file exceptions.   Among the items to which objection was made were the credits for attorney's fees and compensation to the accountant.   The petition was refused except that part relating to these items as to which the order was entered from which the assignee appealed.   It is not alleged that any fraud or concealment was practiced by the accountant, the allegation of the petitioner being that he did not see the account and was not aware that it had been filed until after its final confirmation. He had been absent in the west for a few weeks and returned on August 31, after the account was confirmed.   The learned judge of the court below concluded from the petition and the evidence taken that the averment of the petition that the petitioner was ignorant of the fact that the account had been filed until after its confirmation was true; that the amounts charged for counsel fees and compensation were excessive and that the prayer of the petition should be granted.   We are not persuaded that the finding of the court as to the lack of knowledge of the assignor that the account had been filed is manifestly erro-

neous. While the evidence brought up with the record makes a different impression upon us the oral testimony might have produced another effect. There was evidence on this point upon which the decree might be based and the conclusion should not be disturbed even though there is a preponderance of evidence against the finding: Commonwealth v. Stevens, 178 Pa. 543; Hancock v. Melloy, 187 Pa. 371. If we concede, however, that the petitioner was not guilty of laches in waiting nearly ten months after he had knowledge of the confirmation of the account before instituting this proceeding something more was necessary than a want of knowledge to justify the court in granting the relief prayed for as to the charge for attorney's fees. The petition is in the nature of a bill of review and should set forth such facts as would move a chancellor to grant relief, one of which is that distribution has not been made in conformity to the decree of the court; and in this respect the petition is defective. It is not only not alleged in the petition that the fund has not been distributed, but it is positively affirmed in the answer that it was paid out according to the schedule approved by the court. It is not alleged that the accountant was not acting in the strict discharge of his duty in filing his account, and the decree of confirmation is presumably correct. It would be neither equitable nor just to impose a penalty on the accountant for complying with its mandate. It is not an answer to this requirement of the law that payment was made to a brother of the accountant. There is not any evidence of collusion between them and there is no rule of law or equity which places a brother of the accountant on a different footing from other creditors in the absence of evidence of fraud. As the case stands on the pleadings it is admitted that the item of the credit for attorney's fees was paid before the petition was filed and as to that item of the account the petitioner has failed to present a case entitling him to relief. So much of the decree of January 26, 1905, and the supplemental decree of June 12, 1905, as relates to the claim of credit for counsel fees is reversed and the decree as thus amended is affirmed, the costs of this appeal to be equally divided between the appellant and the appellee.