# Philadelphia, Newtown and New York Railroad Co. et al. *versus* Cooper.

1. An entry by a corporation invested with the right of eminent domain, upon private land without first making compensation to the owner or giving adequate security therefor, is a trespass. Until such compensation is made or security given, the full title to the premises is in the private owner, and he may maintain ejectment for their recovery.

2. Where land was taken by a railroad corporation without first paying or securing compensation, and the private owner subsequently agreed with the corporation to accept a specific sum for the right of way over his property, to be paid within twenty days after the issuance of certain bonds contemplated by said corporation, and the agreement was never executed by the payment of said purchase money:
. *Held*, in an action of ejectment brought by the private owner against the corporation to recover said property, that the unexecuted agreement could not be set up to defeat the plaintiff's right of recovery.

January 31, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas, No. 2, of *Philadelphia County :* Of January Term, 1884, No. 61.

Ejectment, by James E. Cooper against the Philadelphia, Newtown and New York Railroad Company, and the Philadelphia and Reading Railroad Company, to recover possession of a certain lot of ground in Philadelphia county.

The following facts appeared upon the trial: The Philadelphia, Newtown and New York Railroad Company, a corporation chartered under the provisions of the General Railroad Act of 1849, and its supplements, in 1872 took possession of the ground in question, then belonging to James E. Cooper, by virtue of its right of eminent domain, for the purpose of constructing a railroad. Prior to its entry it neither paid Cooper for said land, nor tendered him security for such compensation. On July 8, 1873, it entered into the following agreement with Cooper:

"It is hereby agreed by the Philadelphia and Newtown Railroad Company to pay James E. Cooper fifteen hundred dollars per acre for the right of way for all land used by the said company, from the middle of Wyoming Avenue to the south side of the said Cooper's property, including all land cut off, and south of the creek as now laid out by the said company; payment to be made within twenty days from the date at which the bonds are ready for issue, and interest to commence August 1, 1873. Survey to be made as soon as

practicable.   In witness whereof we have hereto set our hands the eighth day of July, 1873.

> JAMES E. COOPER,
>
> H. G. SICKEL, President Phila., N. & N. Y. R. R. Co.
>
> BARCLAY J. SMITH, } Executive Committee."
> ALFRED BLAKER,    }

This agreement was made by both parties in anticipation that the Pennsylvania Railroad Company would endorse or guarantee the bonds mentioned in said agreement, which the Philadelphia, Newtown and New York Railroad Company then contemplated issuing, but the former company finally refused to do this in the fall of 1873, and no payment was ever made to Cooper under the above agreement.   The Philadelphia, Newtown and New York R. R. Company became insolvent in 1876, and all its property and franchises were sold by the sheriff to Benjamin Smith et al., by whom they were subsequently conveyed to a new corporation, under the same name. This company leased their road to the Philadelphia and Reading Railroad Company, and, with the last named corporation, is the defendant in this action.   The defendants requested the court to charge the jury substantially that the plaintiff's right was limited to recovery under the agreement of July 8, 1873; that as the original company's occupation was under that agreement, they were guilty of no trespass, and ejectment would not lie.   The court instructed the jury as follows:

" If you find that the company entered and took possession under the agreement, or that it was fulfilled, the plaintiff cannot maintain this suit.   If, on the other hand, as the evidence indicates, the agreement was subsequent, and the company did not make the stipulated compensation, the agreement does not operate as a defence."

Verdict for the plaintiff and judgment thereon.   The defendants took this writ of error, assigning as error the instructions of the court, *ut supra.*

. *George. L. Crawford* (with him *George M. Dallas* and *John G. Johnson*) for the plaintiffs in error.

*E. Coppée Mitchell* and *Jos. H. Shoemaker* (with them *Leonard R. Fletcher*) for the defendant in error.

Chief Justice MERCUR delivered the opinion of the court, March 3, 1884.

The corporation had no right to take possession of the land in question against the will of the owner, without paying or securing the payment of a just compensation therefor, before such taking:  Art. XVI, sec. 8 of the Constitution.   This pro-

[Phila., etc., R. R. Co. v. Cooper.]

tection to private property thus secured by the organic law, is not to be destroyed or frittered away by any artful device.

The jury has found that the company did not take possession of this land under any agreement with the owner, and that it has not paid according to the agreement which it afterwards made. It wholly omitted to secure the payment prescribed by the statute to give it a right to take possession. Its entry was therefore a trespass. McClinton v. Railroad Co., 16 P. F. Smith, 404; Gilmore v. Railroad Company, decided at the present term, 8 Out., 275.

The owner has not received the compensation which the company, after taking possession, agreed to pay him. It has taken private property without paying or securing payment therefor to the owner, and seeks to hold possession thereof against his will. This it cannot legally do. The attempt is in flagrant violation of the constitution.

The legal title on the footing of a contract, remains in the owner of the land until the vendee fulfills its agreement of purchase. On that title he can maintain an action of ejectment. The case does not stand as if security had been given under the statute. Western Pennsylvania Railroad Co. v. Johnston, 9 P. F. Smith, 290; Fries v. Southern Pennsylvania Railroad and Mining Company, 4 Norris, 73.

The company did not ask for a conditional verdict. It claimed to hold the whole title adversely to the plaintiff below, and attempted to defeat the action. If its position is now worse than it otherwise might have been, it is caused by its own act in setting up a claim which the jury found to be untrue. It wilfully refrained from asserting its equities on the trial. It asked for no conditional verdict to protect them. The corporation cannot defeat a right to recover, under a contract which it did not fulfil.

The charge of the learned judge is quite as favorable as the company was entitled to ask for. If there be any error therein, it is in favor of the company.

Judgment affirmed.