## GEORGE OLIVER ET AL. v. PITTSB. V. & C. RY. CO.

### APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS NO. 1 OF ALLEGHENY COUNTY.

Argued October 29, 1889—Decided January 20, 1890.

[To be reported.]

1. When a landowner consents to the entry of a railroad company upon his property, and sees the expenditure by the corporation of large sums of money in the construction thereon of its roadway, part of an extended line for the carriage of passengers and freight, he cannot treat the entry so made as a trespass, upon the ground that it was not preceded by payment of or security for the compensation payable to him for the land taken, etc.

2. By such consent, however, he does not lose his right to compensation, and he may at any time afterward proceed under the statute to have it assessed, or he may bring ejectment for the land; but the latter action will be treated as equitable in its character, and a reasonable stay of execution upon the judgment therein will be granted, to enable the company to condemn the land as of the date of its entry, by proper proceedings under the statute.

3. When a railroad company entered upon land and constructed its road-bed under a formal release of the right of way from a widow, who was

in actual possession of and the holder of a life-estate in the property, and with the knowledge and acquiescence of the guardian of the minor remainderman, the entry was not a trespass, but was rightful, and the remainderman's rights are governed by the principles above stated.

4. When the person who was the owner of land at the time of the appropriation dies without having received payment of compensation or security therefor and no steps have been taken during his lifetime to divest his title, his heirs, to whom that title descends upon his death, become clothed with all his rights and may maintain ejectment against the railroad company for the land occupied by it: Davis v. Railroad Co., 114 Pa. 308, and kindred cases, distinguished.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 55 October Term 1889, Sup. Ct.; court below, No. 565 March Term 1887, C. P. No. 1.

On February 23, 1887, George Oliver and others brought ejectment against the Pittsburgh, Virginia & Charleston Railway Co., for a strip of land occupied by the tracks and roadbed of the defendant company. The defendants' plea was not guilty.

At the trial on November 22, 1888, the following facts were shown: In 1868, the land in controversy was of the property of Robert Oliver, who died in that year intestate, leaving to survive him his widow, Martha Oliver, and one heir at law, his son, Robert A. Oliver, then two years of age. In 1870, when the defendant company was preparing to construct its railroad and was engaged in procuring rights of way therefor, Martha Oliver, being in the occupancy of the land of which her husband died seised, executed an agreement stipulating, in consideration of benefits and one dollar, to grant to the defendant the right of way for said road through said land. In the fall of 1871, the defendant constructed its road, taking possession of and occupying for that purpose the strip of ground in controversy. Abdiel McClure, the duly appointed guardian of Robert A. Oliver, and duly qualified as such, was one of the promoters of the building of the railroad, and it was constructed through the Oliver property with his knowledge and without objection on his part. The defendant never gave any bond securing the payment of compensation to or for the use of Robert A. Oliver, for the appropriation of the right of way, and never made such payment; nor was any claim or demand therefor ever made by the guardian, or by any one else

on behalf of said minor.    From the time of its construction until the trial, the defendant's railroad was continuously maintained and operated upon the ground sought to be recovered in this action.    Martha Oliver died December 31, 1872, and on October 19, 1882, Robert A. Oliver, who was still in his minority, died, leaving the plaintiffs, who are his cousins, as his next of kin and heirs.

At the close of the testimony, the court, STOWE, P. J., charged the jury as follows:

Counsel for the plaintiffs request the court to charge the jury:

1. That under the law and the evidence the verdict of the jury should be for the plaintiffs.

Answer: Affirmed.[1]

Counsel for the defendant request the court to charge:

4. If the jury believe from the evidence that the defendant company, in or about 1871, located and constructed its railroad upon the land described in the writ in this case when the same was owned by the widow and child of Robert Oliver, deceased, viz.: Martha A. Oliver and Robert A. Oliver, a minor, of whose estate Abdiel McClure was guardian; that said railroad was so located and constructed under a release to defendant from said Martha A. Oliver, and without objection by said Robert A. Oliver or Abdiel McClure, his guardian, and as so located and constructed was operated by defendant thereafter until after the death of said Robert A. Oliver; and that the said Robert A. Oliver died intestate in 1882 and the plaintiffs in this case claim to recover as his heirs at law, then the right to damages for the location and construction of said railroad, if any were sustained, vested in said Robert A. Oliver and was enforceable by him or his guardian or administrator, if not released or otherwise barred, and said land descended to plaintiffs subject to and charged with an easement therein in favor of the defendant for the operation of its railroad, and plaintiffs are not entitled to recover.

Answer: Refused.[2]

5. Under all the evidence in the case the plaintiffs are not entitled to recover in this action.

Answer: Refused.[3]

Arguments.

Under instructions, the jury returned a verdict in favor of the plaintiffs for the land in dispute. Judgment having been entered, the defendant took this appeal, assigning for error :

1. The answer to plaintiffs' point.[1]

2, 3. The answers to defendant's points.[2] [3]

*Mr. William Scott* (with him *Mr. John H. Hampton* and *Mr. Geo. B. Gordon*), for the appellant:

1. The plaintiffs, not having been the owners of the land at the time of the construction of the road, but having derived their estate by inheritance many years after its completion, are not entitled to recover in ejectment. In all the cases in which such ejectments have been sustained, the plaintiffs not only owned the land at the date of the tortious entry upon it by the defendant, but continued to own it at the date of bringing ejectment. From other decisions of this court, it is clear that the right to recover in such an action is personal to the owner at the date of the entry, and does not pass to the grantee or his heirs : McFadden v. Johnson, 72 Pa. 335 ; Davis v. Railway Co., 114 Pa. 308. The right to compensation, if any injuries were sustained, was complete in Robert A. Oliver in his lifetime, and passed on his death to his personal representatives. Ejectment is not their remedy, and they are not the plaintiffs in this suit.

2. If the persons who owned the land at the time of the location and construction of the railroad, assented to the defendant's entry and occupation of the land, its possession was lawful and gave it an easement, leaving for adjustment with the landowners only the matter of damages, if any were sustained, the right to damages being vested in the landowners by such appropriation : Davis v. Railway Co., 114 Pa. 308 ; Lawrence's App., 78 Pa. 365. If the defendant so acquired an easement, the plaintiffs cannot recover in ejectment. The evidence of assent and acquiescence by the landowners should therefore have been submitted to the jury. That evidence does not involve any question of the power of the guardian to grant an easement in his ward's land ; no such grant was requisite ; but the guardian being the proper party to receive any damages, he was competent to give the assent to the entry under which the franchise of the company vested the easement in it.

3. The principle that a parol license followed by the expenditure of money cannot be revoked, has, we submit, fit application here: Le Fevre v. Le Fevre, 4 S. & R. 241; Rerick v. Kern, 14 S. & R. 267; Swartz v. Swartz, 4 Pa. 358; Pusey v. Wright, 31 Pa. 396; Arnold v. Cornman, 50 Pa. 361; Cumberland etc. R. Co. v. McLanahan, 59 Pa. 23. If it be contended that there was not sufficient evidence to go to the jury in this case, and that by its own default the railroad company has never made its occupancy lawful, and that therefore there should be an affirmance of the judgment, even should execution be stayed to permit the company to file bond, we beg to suggest that in any event, upon filing bond, damages are to be assessed as of the original taking in 1870: Davis v. Railway Co., 114 Pa. 308; Schuylkill Nav. Co. v. Thoburn, 7 S. & R. 421. But for reasons already stated, the plaintiffs are not entitled to such damages, nor to the recovery of any judgment in ejectment.

*Mr. George P. Graver* (with him *Mr. D. T. Watson*), for the appellees:

1. The plaintiffs having shown a perfect legal title to the land in dispute, the occupancy thereof by the defendant was presumptively illegal as against the plaintiffs. The evidence offered to rebut such presumption was insufficient to show a lawful occupancy as against Robert A. Oliver. He had a constitutional right to compensation, or security therefor; and, neither of these having been given, there was no lawful appropriation during his lifetime, his title was entirely unaffected by the defendant's possession, and he had the right to recover the land in ejectment: McClinton v. Railway Co., 66 Pa. 408; Phila. etc. R. Co. v. Cooper, 105 Pa. 239; Gilmore v. Railroad Co., 104 Pa. 275; Allegheny R. Co. v. Colwell, 3 Pa. S. C. Dig. 338; Wheeling etc. R. Co. v. Warrell, 122 Pa. 613. Upon his death the full legal title, which had remained in him, passed to his heirs, carrying with it the right to maintain ejectment.

2. The cases cited for the defendant, McFadden v. Johnson, Schuylkill Nav. Co. v. Thoburn, Davis v. Railway Co., and Lawrence's Appeal, are applicable only when there has been a lawful appropriation of land. None of those cases were ejectment. The cases cited which hold that a parol license,

followed by expenditure of money cannot be revoked, have no application where the entry is under the power of eminent domain, restricted by constitutional and statutory provisions pointing out the only way in which an easement for public use can be acquired: Pierce on Railroads, 131; Foot v. Railroad Co., 23 Conn. 214. Every question raised by the appellant was passed upon by this court in Wheeling etc. R. Co. v. Warrell, 122 Pa. 613.* The appellant has shown no equity for a conditional affirmance. Laches and lapse of time give no equity. The company's failure to perfect its title is entirely its own default. It cannot complain of the plaintiff's forbearance, and there is no reason why the ejectment should not be peremptory and immediate.

OPINION, MR. JUSTICE WILLIAMS:

Corporations clothed with the right of eminent domain enter upon the land of private owners in one of the following ways: They enter upon giving security for the payment of the damages to be done by their entry, when ascertained, and thereby acquire title, without regard to the consent of the owner, by virtue of the statute. They enter in pursuance of a bargain with or leave given by the owner, and their title rests on their bargain or contract, and not on the statute. Or, they may enter without compliance with the law, or treaty with the owner, in which case they acquire no title, but are trespassers, and liable to an action of trespass or ejectment, at the election of the owner. The owner may be unable to agree with the corporation as to the injury sustained by him, and the statutory proceeding may have to be proceeded with until a final adjudication can be had, but the corporation may enter meantime, and proceed with the construction of their improvements, and the owner cannot interfere. If, however, he treats with the corporation, and they enter under permission from him, he stands on the same ground when contracting with a corporation as when contracting with an individual. He is bound by his agreements in the same manner, and estopped by the same equitable considerations, in the one case as in the other. If he consents to the entry by the corporation, and sees the expenditure of large sums of

* See Warrell v. Railroad Co., 130 Pa. 600.

money made upon the ground in the construction of a line of railroad, part of an extended line over which the corporation is engaged in carrying passengers and freight as a common carrier, he ought not to be allowed to treat their entry as a trespass.

He does not, however, lose his right to compensation, and can proceed under the statute to have his damages assessed, as well after as before the construction of the road. Whether he should be permitted to proceed also by action of ejectment might, if now presented for the first time, require careful consideration. But we must regard this question as already settled in favor of the right to maintain such action by a series of cases, among which may be cited McClinton v. Railway Co., 66 Pa. 404; Wheeling etc. R. Co. v. Warrell, 122 Pa. 613; Allegheny V. R. Co. v. Colwell, decided at the October Term 1888; Phila. etc. R. Co. v. Cooper, 105 Pa. 239. In all the cases, however, in which the entry was made with the knowledge and consent of the owner, the action has been treated as equitable in its character. The corporation, having been permitted to enter in advance of the ascertainment of damages, did not thereby lose its right to proceed in the usual manner to secure their adjustment through the courts, and the action of ejectment has been sustained as a means of quickening the action of the corporation in this regard. While the owner has not parted with his title by his own conveyance, or had it divested by proceedings under the statute, he has parted with the possession under circumstances, and permitted expenditures upon and use of the property of such a character, as to make it inequitable for him to resume the possession, or to defeat the right of the corporation to proceed under the statute, and add to its lawful possession a lawful title, by virtue of compliance with its provisions.

In Railroad Co. v. Colwell, supra, it was said: " But as Colwell was at least passively derelict in knowingly permitting the railroad company to occupy and put its improvements on his land, we agree that it would be inequitable to allow the judgment to work a forfeiture of those improvements;" and execution was accordingly stayed upon the judgment, to enable the railroad company to proceed under the statute, and have the damages assessed. There was in that case, and there is in this, no contract for the sale of the right of way capable of enforce-

ment by means of a conditional verdict in ejectment; but the equities growing out of the entry by permission, the expenditure of money, and the construction through the premises of a continuous line of railroad, so that resumption of possession by the landowner would interrupt the traffic of the entire line, required us to send him to the tribunal which the law provides for the ascertainment of the damages to which he was entitled. The effect of the permissive entry is thus made the same as if a formal contract had been entered into, by which the landowner had agreed to put the corporation into possession, and accept as compensation such sum as might be awarded to him by proceedings under the general law. This protects the corporation in the expenditures made in consequence of its lawful entry on the land, while it secures to the owner the full measure of compensation to which he is entitled, under the law, for the entry and appropriation by the corporation.

In the case now before us, the railroad company entered under a formal release of the right of way by the widow, who was in actual possession and the holder of an estate for life in the land, and with the knowledge and acquiescence of the guardian of the plaintiff's intestate. Its entry was in no sense a trespass, therefore, but was rightful, subject only to an ascertainment of the damages done to the remainder-man. These should be assessed as of the date of the entry. It is urged that the damages, when assessed, do not belong to the plaintiffs below, and that their action must fail for that reason, and the damages be awarded to the administrator of the intestate under whom they claim as heirs at law. But the damages were not assessed in the lifetime of the decedent, nor were any steps taken to that end. Nothing was done, therefore, that could divest his title, and substitute its value in money therefor. That title descended, consequently, to his heirs at law, who now stand in his stead, and are clothed with his rights. Davis v. Railway Co., 114 Pa. 308, and kindred cases, are therefore not applicable.

> Judgment affirmed, but stay of execution thereon ordered for ninety days, to enable the railroad company to proceed under the statute, and procure the condemnation of the land and the assessment of damages as of the date of the original entry; the costs to be paid by the railroad company, when taxed.