## John M. Studebaker v. The New Castle Gas Co., Appellant.

*Eminent domain—Gas company—Act of 1885—Trespass.*

A gas company assuming to exercise the right of eminent domain under the Act of May 29, 1885, P. L. 29, can do so legally only after a literal observance of the conditions imposed by that statute.

Entry made without compliance with the conditions imposed by the act renders the company liable for trespass.

*Trespass—Entry by corporation—Punitive damages—Question for jury.*

Resort to force or intimidation must not be sanctioned, and a landowner has a clear right to insist on a literal compliance with the statute which authorizes any corporation to invade his property. Where the evidence shows that the first entry upon the land was without the owner's consent and accompanied by physical-violence, that when the employees of defendant were yet on the land of the plaintiff pursuant to the original entry they resisted a constable who sought to arrest them, the question of punitive damages was properly for the jury.

*Charge of court—General effect—Isolated statements.*

If the charge of the court as a whole is a correct and adequate presentation of the case to the jury, it will be affirmed although there may be some statements which standing alone are objectionable.

Argued May 10, 1898. Appeal, No. 75, April T., 1898, by defendant, from judgment of C. P. Butler Co., June T., 1897,
VOL. VII—41

No. 47, on verdict for plaintiff.   Before RICE, P. J., BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ.   Affirmed.

Trespass.   Before GREER, P. J.

It appears from the record and evidence that this was an action of trespass to recover damages for the laying and construction of a pipe line through plaintiff's farm.   The defendant is a corporation under the laws of Pennsylvania, exercising the right of eminent domain.   Plaintiff contended that the defendant company entered upon his premises and laid its pipe without first having given a bond to secure the damages sustained.   The defense set up was that before entering upon the premises officers of the defendant company called upon the plaintiff to obtain the privilege of entering upon his premises with a view of agreeing upon compensation for damages that might be done.   The parties failed to agree on the damages, and defendant tendered a bond which plaintiff submitted to his counsel.   The bond was never returned to the possession of the defendant company, and there was controversy as to whether or not it had been accepted.   Subsequently plaintiff petitioned the court for viewers under the act.   They were appointed and damages assessed at $150, which assessment and award of the viewers was settled for by defendant.   Plaintiff claimed damages in the present case for an illegal trespass.

Verdict and judgment for plaintiff for $200.   Defendant appealed.

*Errors assigned* among others were to answers to the defendant's points and to the charge of the court, and were directed to two questions : " Did the plaintiff accept the bond tendered," and " Was there sufficient evidence of force and disregard of the plaintiff's rights to warrant the court in submitting the matter of punitive damages to the jury."   (6) In refusing defendant's sixth point, which is as follows : " The company defendant, being clothed with the right of eminent domain, its entry upon plaintiff's land to lay and maintain its pipe was not a tort, or trespass pure and simple, because it had the right to enter for a public purpose, and plaintiff cannot recover beyond just compensation."   (8) In charging that " defendants say that if the defendants believed they had a bond and were act-

ing under that belief, that we ought to say to you that there could be no verdict for exemplary damages; that is true; if the defendant company thought they were only acting on their rights and did not use any more force than necessary, of course then they would only be bound to pay compensatory damages. Did these men think they had given him a bond? Did they behave entirely lawful? You had the testimony of James Humphrey, who says they went to arrest them and they only laughed at him; he says that the agent, Mr. Supplee, kept out of the way, and when they went to get him he ran away. Is that consistent with good faith? With the honest belief that they had a right there? Fifteen or sixteen men working in a ditch when the constable came with a warrant for them; in our country every man must obey a warrant; whether the warrant is right or wrong it is his duty to walk at once with the constable, and if it is improper then bring suit against the man who put it in his hands."

*L. McQuistion*, of *McQuistion & Vanderlin*, for appellant.— The conduct of the plaintiff was a verbal acceptance of the bond. The action of trepass was a waiver of proceedings by the board of viewers and the measurement of damages would be compensation. The defendant being clothed with eminent domain entered for a public purpose, and its entry having been made in good faith was not a trespass pure and simple, but only technical.

One of the principal errors assigned by appellant is to the charge of the court as a whole. Undue emphasis and prominence were given by the court in charging the jury upon the plaintiff's theory, while it ignored defendant's theory. At most, it was misleading, an inadequate presentation of the case, and did not review the defendant's testimony.

Justice Trunkey, in Leibig v. Steiner, 94 Pa. 472, says: " If the jury's attention was confined to one view of the case when there was more than one for them to consider, or if the general tenor of the charge was to mislead, although no particular portion of it is erroneous, or if those facts only were reviewed which tend to establish one side of the case, or if facts were supposed and submitted as if proved when there was no evidence, there is cause for reversal:" Reeves v. Railroad Co.

30 Pa. 454; Garrett v. Gonter, 42 Pa. 143; Parker v. Donald-son, 6 W. & S. 132; Bickham v. Smith, 55 Pa. 335; Tietz v. Phila. Traction Co., 169 Pa. 516; Sommer v. Gilmore, 160 Pa. 129.

*J. D. Marshall*, for appellee.—Among the numerous specifications of error in this case there are but two questions:—Did the plaintiff accept the bond tendered? Was there sufficient evidence of force and disregard of plaintiff's rights to justify the learned judge of the court below in submitting the matter of punitive damages to the jury? If a corporation having the right of eminent domain enters upon land without having first made compensation or giving security, they are liable to be sued in trespass: Kiel v. The Chartiers Gas Co., 131 Pa. 466; Dimmick v. Brodhead, 75 Pa. 464; McClinton v. The P., Ft. W. & C. R. R. Co., 66 Pa. 404.

OPINION BY ORLADY, J., July 29, 1898:

The defendant company could assert its right of eminent domain under the Act of May 29, 1885, P. L. 29, only after a literal observance of that statute, and whatever of doubt there may have been at the time of the entry upon the plaintiff's lands of its own right, it could have been avoided by following the requirements of the tenth section of the act, which provides: "Prior to any appropriation, the corporation shall attempt to agree with the owner as to the damage properly payable for an easement in his or her property, if such owner can be found and is sui juris, failing to agree, the corporation shall tender to the property owner a bond with sufficient sureties to secure him or her in the payment of damages; if the owner refuse to accept said bond or cannot be found or is not sui juris, the same shall then be presented to the court of common pleas of the proper county after reasonable notice to the property owner by advertisement or otherwise to be approved by it. Upon the approval of the bond and its being filed, the right of the corporation to enter upon the enjoyment of its easement shall be complete."

The mooted fact as to whether a bond was tendered and accepted by the plaintiff before the entry was made, was the principal one in the case.

The defendant's first point, " If defendant tendered and plaintiff accepted and retained the bond in his possession up until the case was called for trial, there can be no recovery, and the verdict should be for the defendant," was answered by the court thus: " Affirmed, but you heard what these three men said." Of this it is complained that the defendant was entitled to an unqualified affirmance, which is correct if the fact as therein stated was undisputed or was so clearly proved as to make it beyond doubt, but three witnesses for the plaintiff had testified that the bond was not accepted and the addition, " but you heard what those three men said," was nothing more than calling the attention of the jury to the fact that the proposition was affirmed if they found the fact as therein declared.

The burden was on the plaintiff to explain to the jury why he had held the bond from January until the time of the trial in June, 1897, and the verdict implies that his explanation was convincing. The fact that he coupled his acceptance of the bond with an unreasonable condition cannot affect his right to recover, and the compensation to which he was entitled could not be determined by what his neighbors accepted. The land was his own. He had an undoubted right to withhold his acceptance of a bond in the penal sum of $25.00, signed by strangers until he had time to confer with his counsel as to the sufficiency of the bond and sureties. The desired easement was for the benefit of the corporation and it was to relieve just such controversies that the act of assembly was passed.

The defendant elected to act under the uncertain acceptance of the bond rather than make its position free from doubt by complying with the statute by filing it in court.

The defendant's fourth point, viz: " If the defendant company entered upon plaintiff's land in good faith, believing it had the right to do so, and the tendering of the bond and its retention by the plaintiff up to the trial of the case is evidence of such faith, the jury ought not to impose punitive damages," was thus answered, " If the jury believe there was no unnecessary force or breach of the peace on the part of the defendants, affirmed," and was correct under the facts as developed on the trial.

The controversy in regard to the acceptance of the bond was well understood, the plaintiff was urging conditions which were not acquiesced in, the defendant insisted upon entering upon the

land, the plaintiff made an information before a magistrate charging forcible entry, and when an attempt was made to execute the warrant, the representatives of the company defied the constable and with some display of violence entered upon the land.

Resort to force or intimidation must not be sanctioned and a landowner has a clear right to insist on a literal compliance with the statute which authorizes any corporation to invade his property.

Immediately following the part of the charge of the court covered by the eight assignments of error, the trial judge told the jury: " Take this case and from the evidence and from your own good common sense say whether or not these men acted under the belief that they were going according to law and they had rights there and were not exceeding their rights; if they did then there should be no punitive damages, and if they did not then it is for you."

The evidence shows that the first entry upon the land was without the owner's consent and accompanied by physical violence; that when the employees of the defendant were yet on the land of the plaintiff pursuant to the original entry, they resisted a constable who sought to arrest them.

There are some statements in the charge of the court which standing alone are objectionable, but taken as a whole with the points and the answers thereto we feel that the jury fairly understood that unless the defendant's conduct was unauthorized because no bond had been accepted by the plaintiff or filed in court and that unnecessary force and violence were used in entering upon the land they should not impose punitive damages. If the charge as a whole is a correct and adequate presentation of the case to the jury it will be affirmed: Railroad Company v. Coon, 111 Pa. 430; Lehigh Valley R. R. Co. v. Brandtmaier, 113 Pa. 610.

The evidence was brief and clear, and was submitted to the jury in a plain and adequate charge. This action in trespass was justified under the authority of Keil v. Chartiers V. Gas Co., 131 Pa. 466, and other cases, as the right to sue vested on the commission of the trespass.

The assignments of error are overruled and the judgment is affirmed.