# Davis v. Southwest Pennyslvania Pipe Lines, Appellant.

*Pipe lines—Construction of lines—Trespass—Failure to condemn—Equity—Injunction—Finding of fact.*

A pipe line company which constructs pipe lines upon land without complying with the conditions precedent to the exercise of the power of eminent domain, and without the plaintiff's consent, either express or to be implied from knowledge and failure to object, may be enjoined from operating the lines, unless within a period fixed, it proceeds to the condemnation of the land and the assessment of damages.

In such a case a finding of fact by the court that the owner had no knowledge of the construction of the line, will not be set aside on appeal, where it appears that the finding involved a consideration of the credibility of witnesses, and there was no manifest error.

An action of trespass against a pipe line company which has illegally, and without consent, laid a pipe line across the plaintiff's land, is not res adjudicata to a subsequent bill in equity by the owner to restrain the operation of the line, where it appears that the trespass suit was brought merely to establish plaintiff's right, and that the recovery therein was for nominal damages only.

Argued May 10, 1907.  Appeal, No. 183, April T., 1907, by defendant, from decree of C. P., No. 1, Allegheny Co., Sept. T., 1906, No. 599, on bill in equity in case of Henry A. Davis v. The Southwest Pennsylvania Pipe Lines.  Before RICE, P. J., HENDERSON, ORLADY and BEAVER, JJ.  Affirmed.

Bill in equity for an injunction.

OVER, orphans' court judge, specially presiding, filed the following opinion:

The purpose of this bill is to compel the defendant to remove two pipe lines located by the defendant on his land in the 18th ward, Pittsburg.

### FINDINGS OF FACT.

1. The defendant is a corporation chartered under the Act of assembly approved June 2, 1883, P. L. 61, having the right of eminent domain, and is engaged in the business of storing

petroleum and transporting it from place to place through pipes.

2. The plaintiff is the owner of the land described in the bill.

3. The defendant company on or before August 1, 1896, without permission of the plaintiff and without any authority of law, entered upon said piece of land and laid upon and across it, extending the entire length thereof, one pipe three and one-half inches in diameter and one four and one-half inches in diameter, for the purpose of carrying petroleum, and from that time until the present has forcibly kept and maintained said pipe lines and used the same for transporting petroleum and now so uses them, and continues to enter upon said land to maintain and keep in repair said pipe lines. One of said lines being located between high and low water mark of the Allegheny river, and the other within the right of way of the Allegheny Valley Railroad Company, over said land.

4. The plaintiff at No. 101, December Term, 1902, of this court, brought against said defendant an action of trespass to recover damages for said trespass upon his said land by the laying and maintaining of said pipe lines thereon, and on November 17, 1905, recovered a verdict against said defendant for six and one-fourth cents damages and costs, upon which verdict on September 5, 1905, judgment was entered, and was satisfied on the same day.

5. That since said verdict and judgment the defendant continues to maintain said pipe lines upon said premises and to transport oil through the same.

### DISCUSSION.

It is contended by defendant's counsel that the judgment in the action of trespass brought by the plaintiff was for all the damages sustained by him by reason of the location, construction and maintenance of and permanent occupancy of his land by the defendant's pipe lines, and that on the payment thereof the defendant had the right to maintain the lines without any other compensation to the plaintiff, and cites: Hankey v. The Philadelphia Company, 5 Pa. Superior Ct. 148, to sustain this contention. That case was an action of trespass against the Philadelphia company, and Judge WICKHAM in his opinion said: "In the summer of 1895, the defendant, a corporation

entitled to exercise the right of eminent domain, laid an eight-inch gas pipe in and on a public road passing through the plaintiff's farm, and also constructed a telephone line along the same highway. No bond was tendered the plaintiff, nor was any attempt made to agree with him as to the damages; he was fully aware of what was being done by the defendant and made no active attempt to stay the work by bill in equity or otherwise. He is, therefore, estopped from depriving the defendant of the easement it acquired; but is clearly entitled to compensation through a common-law action for all injuries he has sustained, including those resulting from the permanent occupancy of his land;" and it was held that the measure of damages was the difference between the market value of the land immediately before the defendant's entry and immediately after, as affected by said entry, acts and occupation.

We think the case at bar is clearly distinguishable from that case. Here there is no estoppel, the lines having been laid without the consent or knowledge of plaintiff, on his land, and not on the public road, and the action of trespass was brought to recover damages for a continuing trespass, and not for the permanent occupancy of the land. No evidence was offered to prove the amount of damages for the permanent occupancy, and no allowance was made therefor in the verdict of the jury.

### CONCLUSIONS OF LAW.

It having been established by a verdict of a jury that the defendant committed a trespass on plaintiff's land by laying and maintaining two pipe lines for the transportation of oil thereon, and it appearing that the defendant continues to maintain them, the plaintiff is entitled to a decree for their removal; the costs to be paid by the defendant.

The court entered the following final decree:

And now, to wit: February 13, 1907, this cause came on to be heard at this term, and was argued by counsel, and upon consideration thereof it is ordered, adjudged and decreed as follows:

That the exceptions of defendant be and are hereby dismissed, and that a writ of injunction issue under the seal of this court perpetually restraining and enjoining the defendant, its agents and servants, from trespassing upon the plaintiff's

lands, situate in the Eighteenth ward of the city of Pittsburg, and fully described in the bill of complaint, and from transporting oil through the pipe lines, or any of them, upon said lands, and that said defendant shall within sixty days from this date take up and remove from said land, all lines of pipe thereon which are owned or operated by defendant, with stay of execution on this decree for a period of sixty days to enable the defendant company to proceed under the statute and procure the condemnation of the land and the assessment of damages.

*Error assigned* was the decree of the court.

*W. A. Stone*, of *Stone & Stone*, for appellant.—These cases turn on the authority of Hankey v. Philadelphia Company, 5 Pa. Superior Ct. 148.

Where the landowner fails to object to the entry upon his land, he practically consents to the occupancy thereof, but he does not lose his right to compensation: Oliver v. Pittsburg, Virginia, etc., Ry. Co., 131 Pa. 408.

Where the question has been determined by the court, the same questions involved therein cannot be raised in a new action, because of the rule of res adjudicata: Megahey v. Farmers', etc., Savings Fund & Loan Assn., 215 Pa. 351.

*C. C. Dickey*, with him *J. Charles Dicken* and *Henry A. Davis*, for appellees.—The fact of the company having the right of eminent domain, however, does not make it any the less a trespasser if it chooses not to exercise that right and accept its consequences in the manner prescribed by law, and the property owner elects to treat it as a trespasser as soon as he knows of the trespass rather than acquiesce in the trespass: Philadelphia, Newton & N. Y. Railroad Co. et al. v. Cooper, 105 Pa. 239.

OPINION BY RICE, P. J., October 7, 1907 :

This controversy arose out of the location and maintenance of two pipe lines for the transportation of petroleum across the plaintiff's land. A concise and connected statement of the facts necessary to a proper understanding of the questions involved is contained in the findings and opinion filed by the

learned judge specially presiding below.   The defendant takes the position, if we have not misapprehended the argument of its learned counsel, that the plaintiff is not only estopped from questioning the company's right to maintain the pipe lines upon his land, but is also estopped from claiming further damages beyond the nominal sum awarded in the trespass case brought in 1902.   We are unable to adopt this conclusion, principally because we cannot take the same view that counsel take of the evidence relative to the question of the plaintiff's knowledge of, and failure to object to, the concededly unauthorized construction of the pipe lines.

One of the court's findings of fact is, that the defendant entered upon the plaintiff's land and laid the two pipe lines in controversy " without the permission of the plaintiff and without any authority of law."   This finding of fact was not excepted to ;  but exception was taken to the refusal of the defendant's fifth request for finding of fact, that the plaintiff had knowledge, through his agent and attorney, that the land was being so occupied " about the time of the location of the pipe lines, or soon thereafter."   It is not perceived how a finding so indefinite as to the time of entry as that requested by the defendant could affect the question of the plaintiff's right to treat the defendant's entry and occupancy of his land as a trespass.   And if it could not affect that question, the refusal of the request did not harm the defendant.   But assuming that the point called for a finding upon the question of fact, whether the plaintiff, through his agent and attorney, had knowledge of the construction of the pipe lines upon his land in time to prevent or to protest against it, the evidence warranted the court in determining that question in the negative.   The plaintiff and Mr. Dicken, the agent or attorney referred to in the point, deny such knowledge, and the circumstances from which it is argued that they must have had knowledge are not so conclusive as to warrant an appellate court in overturning the finding of the trial court upon the question of fact.   The findings of the court upon a trial under the equity rules of 1894, especially if the credibility of witnesses be involved, will not be set aside on appeal, unless there be manifest error: Commonwealth ex rel. v. Stevens, 178 Pa. 543 ; Hancock v. Melloy, 187 Pa. 371 ; Steinmeyer v. Siebert, 190 Pa. 471 ; Dilworth v. Kennedy,

201 Pa. 388; Mackintyre v. Jones, 9 Pa. Superior Ct. 543, Hunter v. Bilheimer, 22 Pa. Superior Ct. 622 ; Obney v. Obney, 26 Pa. Superior Ct. 116; Wentzel's Estate, 30 Pa. Superior Ct. 628.    Adopting any statement of the rule that can be found in any of the foregoing cases, and applying it to the evidence in this case, it must be accepted as a fact, on this appeal, that the defendant constructed the pipe lines in question upon the plaintiff's land without complying with the conditions precedent to the exercise of the power of eminent domain, and without the plaintiff's consent, either express, or to be implied from knowledge and failure to object.    If, therefore, this were an action at law—and the same must be true in equity—the controlling principle that was held applicable to the facts of Hankey v. Philadelphia Company, 5 Pa. Superior Ct. 148, upon which the appellant's counsel rely, would be inapplicable.    The plaintiff in that case, as stated by Judge Wickham, " was fully aware of what was being done by the defendant and made no active attempt to stay the work by bill in equity or otherwise."    Not only so, but, according to his own admission, he actually assisted in the work.    While the plaintiff's acts were not such as to debar him of his constitutional right to compensation, it was held that they did estop him " from depriving the defendant of the easement it acquired."    So, where an owner was " passively derelict in knowingly permitting " a railroad company to put its improvements on his land, it was held that it would be inequitable to allow the judgment in ejectment he obtained to work a forfeiture of those improvements ; accordingly, execution was stayed upon the judgment to enable the company to proceed under the statute and have the damages assessed : Allegheny Valley R. R. Co. v. Colwell, 2 Mona. 300. In the case cited by the appellant's counsel—Oliver v. Pittsb., Va. & Charleston Ry. Co., 131 Pa. 408—it is very clearly stated : that if a corporation having the power of eminent domain enters without compliance with the law, or treaty with the owner, it acquires no title, but is a trespasser and liable to action of trespass or ejectment, at the election of the owner ; but if he consents to the entry by the corporation and sees the expenditure of large sums of money, while this will not debar him of the right to compensation, he ought not to be allowed to treat its entry as a trespass.    In this case, there are no facts,

such as express or implied consent, or "passive dereliction," which upon equitable grounds estopped the plaintiff from treating the construction of the pipe lines as a trespass, or precluded him from suing in that form of action and recovering such damages as he had sustained up to the time of bringing suit, and then bringing successive actions until the cessation of the injurious acts, or the defendant should acquire the right to continue them by proper proceedings in the exercise of its power of eminent domain. He was not bound to have his damages assessed upon the same basis as if the defendant's pipe lines had been constructed in the lawful exercise of that power.

But assuming for the purpose of this discussion that he could have elected to have the damages assessed upon that basis (as the plaintiff did in the frequently cited case of Thompson v. Citizens' Traction Co., 181 Pa. 131), does the record of the trespass case show that he so elected? We think it clearly shows the contrary. The gravamen of the complaint, as to damages, in that case is set forth in this clause of the statement: "That by the construction and maintenance of said pipe lines by the defendant company in manner stated on and across plaintiff's said premises, said plaintiff has not had the free and uninterrupted use of his said property, but has been annoyed and put to inconvenience by defendant's trespass and occupancy, and plaintiff has been prevented thereby from making sale of his said property, as he was desirous of doing, whereby he (plaintiff) has been specially damaged and has sustained pecuniary loss in a large sum of money." Here was a distinct setting forth of an interference with the plaintiff's use and enjoyment of his premises as the ground of his complaint. The evidence given on the trial, so far as any evidence was given relating to the measure of damages, was consistent with that view of the plaintiff's claim. Moreover, during the progress of the trial the counsel for plaintiff said: "This action is not brought expecting to recover more than nominal damages. We wish to bring this suit to establish our right at law, and the dead line cuts very little figure." No evidence was given on either side relative to the difference in the value of the land before and after the construction of the pipe lines, and at the conclusion of the trial the judge charged the jury that the plaintiff was entitled to recover nominal damages only. We

cannot agree with the appellant's counsel in their contention expressed in their sixth point of law that the verdict in that case must be presumed in law " to be compensation for the injury suffered, or for the difference in the value of the land immediately before the occupancy by the defendant company and after the occupancy by the defendant company." The verdict and judgment in that case established the plaintiff's right and the tortiousness of the defendant's act in constructing the pipe lines. Maintaining them on the plaintiff's land thereafter was, under the circumstances, a trespass from day to day, for which successive actions would lie : Holmes v. Wilson, 10 Ad. & E. 503 ; Dill v. McCloskey, 9 Phila. 76 ; Pollock on Torts, 313.

The foregoing conclusions involve no hardship to the defendant company of which it can justly complain, for, as stated by the appellee's counsel, there is now and always has been a method whereby the right of way needed by the defendant can be acquired upon payment of proper compensation or giving security therefor as the statute prescribes.

The decree is affirmed at the costs of the appellant ; the period of stay mentioned therein to be computed from the date of the decree of this court.