# Davis *v.* The Southwest Pennsylvania Pipe Lines, Appellant.

*Pipe lines—Construction of lines—Trespass—Failure to condemn—Equity—Injunction.*

An action of trespass against a pipe line company which has illegally, and without consent, laid a pipe line across the plaintiff's land, is not res adjudicata when subsequently a bill in equity is filed by the landowner to restrain the operation of the line, and it appears that the

trespass suit was brought merely to establish plaintiff's right, and that the recovery therein was for nominal damages only.

Argued Oct. 19, 1908.   Appeal, No. 14, Oct. T., 1908, by defendant, from judgment of Superior Court, April T., 1907, No. 183, affirming decree of C. P. No. 1, Allegheny Co., Sept. T., 1906, No. 599, on bill in equity in case of Henry A. Davis v. The Southwest Pennsylvania Pipe Lines.   Before MITCH-ELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Appeal from Superior Court.   See 34 Pa. Superior Ct. 438.

*Error assigned* was the judgment of the Superior Court.

*Wm. A. Stone,* with him *Stephen Stone,* for appellant.

*Henry A. Davis,* with him *C. C. Dickey* and *J. Charles Dicken,* for appellee.

OPINION BY MR. JUSTICE BROWN, January 4, 1909:

The appellant is a corporation chartered under the Act of June 2, 1883, P. L. 61, and possessing the right of eminent domain.   It is engaged in the business of storing petroleum and transporting it from place to place through pipes.   It laid two of them on the land of the appellee without his permission and without any authority of law.   This finding, which was not assigned as error on the appeal to the Superior Court, ought to have gone further and been that the appellee had no knowledge that the pipes had been laid until some time after they had been placed upon his land.   Six months or a year after he learned that this trespass had been committed by the appellant he brought suit against it in court of common pleas No. 1 of the county of Allegheny.   The action was for a continuing trespass, and, no damages having been claimed for permanent injuries sustained, a verdict was directed for nominal damages.   On the trial counsel for the plaintiff stated: "This action is not brought expecting to recover more than nominal damages.

We wished to bring this suit to establish our right at law."
The effect of the recovery by the appellee in this action of
trespass is tersely and correctly stated by the learned president
judge of the Superior Court in his opinion affirming the decree
now before us: "The verdict and judgment in that case estab-
lished the plaintiff's right and the tortiousness of the defend-
ant's act in constructing the pipe lines. Maintaining them on
the plaintiff's land thereafter, was, under the circumstances,
a trespass from day to day, for which successive actions would
lie: Holmes v. Wilson, 10 Ad. & E. 503; Dill v. McCloskey, 9
Phila. 76; Pollock on Torts, 313:" Davis v. Southwest Penna.
Pipe Lines, 34 Pa. Superior Ct. 438. In the face of this, sanc-
tion cannot be given to the contention of counsel for appel-
lant that the recovery by the appellee gave him all he was
entitled to for the appropriation of his land and he now has no
right to have his damages ascertained and their payment se-
cured to him in the mode prescribed by the act of 1883.

The guaranty of the constitution is that private property
shall not be taken by a corporation having the right to take it
for public use until compensation is first paid or secured to
the owner, and the act of 1883, in conferring the right of emi-
nent domain upon the appellant, directed that before it could
exercise the same the landowner must have approved security
for his damages; but if the position of the appellant should be
sustained, this absolute security for damages under the or-
ganic law can be taken from a landowner in any case by a
corporation, if it does what was done here, and then insists
that the only remedy of the injured proprietor is a recovery
in trespass, though the judgment be against a worthless de-
fendant: "The corporation had no right to take possession of
the land in question against the will of the owner, without
paying or securing the payment of a just compensation there-
for, before such taking: Art. XVI, sec. 8 of the constitution.
This protection to private property thus secured by the or-
ganic law, is not to be destroyed or frittered away by any
artful device:" Philadelphia, Newtown and New York Rail-
road Co. et al. v. Cooper, 105 Pa. 239. The appellee might
have waived his constitutional and statutory right to security

for his damages and made claim in his action of trespass for the permanent injuries to his property, but he was not required to do so, and he did not.

The error alleged to have been committed by the Superior Court is that it did not follow its own ruling in Hankey v. Philadelphia Company, 5 Pa. Superior Ct. 148. No bond had been tendered to Hankey, the landowner, or any effort made to agree with him as to the damages he sustained by the laying of a gas pipe, but as it was laid in front of his property in his presence, without objection from him, and he and his son assisted in the work and were paid for their services, it was held that he was estopped from depriving the defendant of the easement it had acquired, though entitled to compensation through a common-law action for the injuries he had sustained, including those resulting from the permanent occupancy of his land. What the Superior Court held there is the undoubted law and entirely consistent with its ruling here. The case has not the slightest relevancy to the question raised by this appellant. Equally inapplicable is the case of the Philadelphia and Reading Railroad Company v. Pottsville Water Company, 182 Pa. 418, which, with much earnestness, is cited by counsel for appellant as conclusive that it ought not to have been enjoined by the court below. It is a sufficient answer to this to say that the injunction asked for by the complainant in that case was by the lessee of an individual riparian owner against a water company taking the waters of the stream under the right of eminent domain.

The decree of the Superior Court, affirming the decree of the common pleas, is affirmed at appellant's costs, the stay granted by the common pleas to run from this date.