## Waggle v. Peoples Natural Gas Co.

*Scales & Shaw*, for plaintiffs.

*Kunkel & Trescher*, for defendants.

O'CONNELL, P. J., October 30, 1958.—Plaintiffs in this case, N. H. Waggle and Helen Waggle, his wife, filed a complaint in equity against The Peoples Natural Gas Company, Inc., and John D. Fahey & Son, Inc. In said complaint they asked that defendant, The Peoples Natural Gas Company, be enjoined from taking plaintiffs' property without complying with the Act of May 29, 1885, P. L. 29, sec. 10, as amended, and that defendant be enjoined from proceeding with the construction of a pipeline and taking of a right of way for the same over plaintiffs' property more than 20 feet in width and from proceeding to install a 12-inch transmission line at a distance of 14 feet from the old transmission line, without complying with the provisions of the act of assembly.

And, also, to enjoin defendant, John D. Fahey & Son, Inc., from driving trucks and transporting equipment over the parts of plaintiffs' property other than the original right of way as it herefore existed on plaintiffs' property, and to grant such other relief as the court shall deem appropriate. Hearings were held on this complaint on June 2, 1958, and June 26, 1958, and as a result of said hearings we make the following:

## Findings of Fact

1. Plaintiffs, N. H. Waggle and Helen Waggle, are husband and wife, and reside in the Village of Bradenville, Township of Derry, County of Westmoreland.

2. Defendant, The Peoples Natural Gas Company, is a corporation organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, and maintains a business office at 306 South Pennsylvania Avenue, in the City of Greensburg, Westmoreland County, and transacts business in Westmoreland County, and is engaged in the business of producing, purchasing, storing and transporting natural gas.

3. Defendant John D. Fahey & Son, Inc., is a corporation organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania and has contracted with The Peoples Natural Gas Company for the laying of a pipeline partly in Derry Township, Westmoreland County, for the transportation of natural gas.

4. Plaintiffs, N. H. Waggle and Helen Waggle, his wife are the owners of a tract of land located southeast of the Borough of Derry, in Derry Township, Westmoreland County, and said tract of land is fully described in paragraph 4 of plaintiffs' complaint.

5. On February 27, 1907, W. J. Seger, plaintiffs predeceessor in title, granted to The Peoples Natural Gas Company its successors and assigns, for and in consideration of the sum of $37, the right of way to lay, maintain, operate and remove pipeline for the transportation of gas on, over and through a tract of land in Derry Township, Westmoreland County, presently owned by plaintiffs, with ingress and egress to and from the same. The grant to The Peoples Natural Gas Company was a general grant of a right of way for a pipeline and contained in addition thereto this clause.

"And the said The Peoples Natural Gas Company, its successors or assigns, is further granted the right from time to time to lay additional lines of pipe along-

side of the first line as herein provided, upon the payment of a like consideration for each additional line so laid, and subject to the same conditions; also to have the right to change the size of its pipes, the damages, if any, to crops and fences in making such change to be paid by the said The Peoples Natural Gas Company."

6. After the granting of the aforesaid right of way, The Peoples Natural Gas Company, in 1907, installed a 12-inch transmission line through the property which is now owned by plaintiffs, and since 1907 The Peoples Natural Gas Company has used a right of way not more than 20 feet in width for some 2,432 feet through plaintiffs' property.

7. Defendants are in the process of installing a new gas line through plaintiffs' property at a distance of 14 feet from the center line of the original 12-inch transmission line and, in this connection, have cleared a right of way 50 feet in width for a distance of some 2,432 feet through plaintiffs' property.

8. The right of way granted by the agreement of February 27, 1907, to The Peoples Natural Gas Company, has been exercised since the gas line was installed in 1907, by the use and occupancy of a strip of land not more than 20 feet in width and for a distance of approximately 2,432 feet in length, through plaintiffs' property, and is limited to that width.

### Conclusions of Law

1. The easement granted by the right of way agreement dated February 27, 1907, having been granted in general terms, without definitely fixing its location or limits, so that the land affected by the exercise of the rights could not be ascertained from an inspection of the writing, The Peoples Natural Gas Company did not thereby acquire a right to use the servient estate without limitation as to place or mode of use.

2. Defendant, The Peoples Natural Gas Company, has presently a vested expansible easement in and across the property of plaintiffs, but an expansible easement is not unlimited in scope.

3. The right of way granted by the agreement of February 27, 1907, created a vested expansible easement, but this expansion is not unlimited in scope and permits a reasonable expansion.

4. The construction of a transmission line 14 feet from the center line of defendants' previous transmission line is not alongside of the first transmission line as the said term was used in the right of way grant of February 27, 1907.

5. Plaintiffs have an adequate remedy at law.

### Discussion

We are of the opinion that no location or limits having been vested by the original grant of a right of way between these parties and that this type of agreement having been construed as a vested expansible easement that the expansion should be limited to what would be considered reasonable in amount or distance.

"Where an easement is granted in general terms without definitely fixing its location or limits, so that the land affected by the exercise of the right cannot be ascertained from an inspection of the writing, the grantee does not thereby acquire a right to use the servient estate without limitation as to place or mode of use. . . .

"If this extension may be made, then all of defendant's property may be taken whenever plaintiff determines that it needs the land for maintenance or erection of power lines. Such right plaintiff does not have. The right ceased to be transitory when the original installation was completed": Pennsylvania Water and Power Co. v. Reigart, 127 Pa. Superior Ct. 600, 605, 607.

Having decided that this expansible easement must be reasonable in amount and having decided that 14 feet from the original line is an unreasonable distance, it then becomes necessary to decide whether or not plaintiffs are entitled to an injunction, an action in trespass against defendants or whether or not defendant utility company should be compelled to exercise its right of eminent domain. We are of the opinion that defendant, The Peoples Natural Gas Company, should have in the beginning exercised its right of eminent domain and having proceeded with the mistaken belief that they were going in on the property of plaintiffs by virtue of their expansible easement and having acted in good faith tendering the amount due by the original agreement, should not now be subject to a restraining order or to an action of trespass. It has been well settled that an injunction is a matter of grace not of right and it has further been settled that in matters of this kind plaintiffs have an adequate remedy at law.

"Although, following the authorities we have cited, the lower court might have merely stayed the injunction proceedings pending the outcome of eminent domain proceedings, there are circumstances here, particularly the claim by appellant which has some support in the evidence that the damage exceeded that necessary to meet appellee's requirements, which lead us to the conclusion there was no abuse of discretion in the decree it entered. . . .

"Although we have no sympathy for what was either highhanded or ill-considered conduct on the part of appellee's representatives in entering upon appellant's land without notice to appellant and a proper tender of the sums stipulated in the agreement and in perhaps destroying considerable more land than was required, these are matters relevant to and which may be taken

care of in a claim for punitive damages in the trespass action": Caruthers v. Peoples Natural Gas Co., 155 Pa. Superior Ct. 332, 338, 339.

In this case defendant tendered the sum stipulated in the original agreement, and there is no evidence that there was any high-handed or ill-considered conduct on the part of defendant. The defendant did not destroy more land than was required and we are therefore of the opinion that eminent domain is the proper proceeding. We enter the following

### Decree

And now, to wit, October 30, 1958, the complaint in equity filed by plaintiffs in this case be, and the same hereby is, dismissed. Defendant, The Peoples Natural Gas Company, is hereby directed to begin eminent domain proceedings within 30 days of the date of this decree and upon its failure to do so, plaintiffs N. H. Waggle and Helen Waggle, his wife, be, and they hereby are authorized to proceed by action at law against the said defendant, The Peoples Natural Gas Company.