(No. 19422.—
TIMOTHY SULLIVAN, Appellant, *vs.* JESSE B. BAGBY, Appellee.

*Opinion filed April 20, 1929—Rehearing denied June 7, 1929.*

PHILIP E. ELTING, CHARLES J. SCOFIELD, and EARL N. BELL, for appellant.

GUMBART & GRIGSBY, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant filed a bill in the circuit court of McDonough county seeking a mandatory injunction requiring appellee to replace a certain tile drain taken out by him. This drain had been for many years in a natural water-course. The chancellor denied the relief prayed on the ground that appellant had not sought to do equity.

The facts show a quarrel between the parties over a small farm drain and never should have reached the courts. The parties own adjoining farms in McDonough county. Appellant's farm lies directly north of and adjacent to the land of appellee and is separated therefrom by a fence extending east and west. A water-course extends from a point on appellee's land a short distance from the boundary in a northwesterly direction across appellee's land and crosses the land of appellant for a distance of about one hundred feet, where it drops into an open ravine. During the year 1889 or 1890 the then owner of the tract of land now owned by appellee, with the consent and agreement of

the then owners of the land now owned by appellant over which the water-course extends, laid a five-inch tile drain from a point on appellee's land to the ravine on the land of appellant. The bill alleges that the prior owner of appellee's land constructed this tile drain by mutual consent, agreement or license of the several owners of both tracts for their mutual benefit and the mutual benefit of their lands. The bill further alleges that from the time of the construction of the tile drain the respective lands over which it was laid, and the owners thereof, have enjoyed the mutual benefit of the tile drain, and each has a right to have it maintained and to have the water in that water-course flowing upon the lands flow through the tile drain. On April 24, 1925, appellee took up about one hundred feet of the tile on his own land just south of the division fence and re-laid it in the same water-course, but so changed the elevation that it came to the surface of the ground at a point on his land about four feet south of the division fence, thus disconnecting it from the part of the drain on appellant's land and permitting the water to run over the surface and down the water-course. Appellant charges that this was greatly to his damage, since the water runs over his wagon road next to the division fence, rendering it muddy and impassable; that this road is maintained by him and is his only means of crossing from the east to the west side of his farm because of the large ravine dividing it.

Appellee's answer to the bill admits, for the most part, the allegations made therein but avers that he took up and re-laid the tile drain, disconnecting it from that portion on appellant's land, because appellant had suffered the drain on his land to become obstructed and filled, and that the water was breaking out through the surface at points over the tile drain on appellant's land, and that these outbursts were approaching closer to appellee's land; that he notified appellant that unless the drains were cleaned he would have to move the tile as was done; that he waited three weeks

for a reply to his notice, and, receiving no suggestion, proceeded to take up the tile. He does not aver that his land has been damaged, and his testimony shows that it is now and has been adequately drained, and that the water breaking through the ground above the drain on appellant's land leaves appellee's land through this tile drain.

The theory on which the bill is based is that appellee's predecessor having constructed this drain by consent of all parties in interest at that time, and appellee having in times past maintained it by cleaning out the lower end thereof when obstructed, is bound now to do so, and is bound also to avoid disturbing the tile drain for the reason that appellant has an easement therein.

By the act of 1889 (Smith's Stat. 1927, chap. 42, pars. 193-196,) it is provided that whenever any ditch or drain shall be constructed by mutual license or consent of the owners of adjoining lands, either separately or jointly, so as to make it a continuous line across the lands of such owners, then such drain shall be held to be a drain for the mutual benefit of all the owners interested. The facts of this case bring it within that act. (*King* v. *Manning,* 305 Ill. 31.) There is no contention that this is not a mutual drain or that both the lands of appellant and appellee are not benefited thereby. The only question in the case appears to be whether appellant or appellee is required to clean out the lower end of the drain. Appellee disconnected the drain because appellant would not clean out the lower end, though his land had not then been damaged by the stoppage of the drain.

Under the Drainage act of 1889 drains constructed by mutual consent and agreement over adjoining lands and operating and remaining undisturbed for a period of time limited in the act are converted into perpetual easements. (*Wessels* v. *Colebank,* 174 Ill. 618.) An easement once definitely settled and located cannot be changed by either party without the consent of the other, where such change results in a substitution of a servitude different from that

which previously existed. This rule is applicable both to the owner of the easement and to the owner of the fee. Though a slight or immaterial change is not in violation of the rights of the parties, substantial changes may not be made. (*Kohl* v. *Chouteau Island Drainage District,* 283 Ill. 69; *Elser* v. *Village of Gross Point,* 240 id. 508; *Kenilworth Sanitarium* v. *Village of Kenilworth,* 220 id. 264; 9 R. C. L. 796.) It follows from this rule that appellee had no right to make any substantial change in the drain.

Appellee's counsel, however, argue that the drain was as much for the benefit of appellant as for appellee, and appellant testified that the drain in that form was worth five dollars an acre to his farm, and that the change resulted in damage to him by preventing access from one part to the other over the road, which was rendered impassable by the water coming over it. It is therefore argued by counsel for appellee that before appellant is entitled to a mandatory injunction requiring the replacement of the tile he should have offered to do equity by cleaning out the lower end of the drain. To this appellant replies that there was no obligation on his part to clean out this drain; that the drain having been constructed by appellee, and he having theretofore attended to cleaning it out, it was his duty to clean it out, and appellant was not required to offer to do that which he was under no obligation to do.

It appears from the evidence that these men have for some years engaged in the foolish business of quarreling with one another over this and other matters. No two reasonable men should have any difficulty in adjusting so insignificant a matter as cleaning out a few feet of tile. However, they choose the more expensive method of attempting to settle this matter by a lawsuit. In cases of this character no hard and fast rule can be pronounced governing the obligation to maintain and keep in repair a mutual drain. In some cases the drain is constructed for the benefit wholly

of the dominant estate, or it may be constructed partly for the benefit of such estate and partly for the benefit of the servient estate. The distribution of the burden of maintaining such drain is necessarily governed by the facts in each particular case. (*Cox* v. *Devcrick,* 272 Ill. 46.) While it is admitted that appellee's predecessor put this drain in at his own expense and maintained it and that appellee has cleaned out the lower end of the drain, as appellant also appears to have done, yet appellant testified that the drain is of substantial benefit to his land to the value of five dollars per acre. It would appear, therefore, so far as the work of maintaining the drain is concerned, that it is but equitable that it should rest equally on both. No reason is seen, however, why appellant may not, if he chooses, permit the water to break out of the tile on his own land and flow over it into the ravine, provided the water is not by that means held back on appellee's land. At no time did appellant object to appellee going upon his premises for the purpose of repairing the drain, and appellee had, and has at all reasonable times, that right. He had no right to take up this drain and change its course, and he should be required to return it to its original position. He was not threatened with damage to his land by the stoppage of the tile at the lower end, so far as the evidence shows, for the water was escaping over appellant's land. If appellant chooses to permit this to continue, appellee has no right to complain so long as his land is not being injured.

The decree of the circuit court is reversed and the cause is remanded, with directions to enter a decree requiring that appellee return the tile to its original position.

*Reversed and remanded, with directions.*