34 F.Supp. 10 (1940)
BABLER
v.
SHELL PIPE LINE CORPORATION.
No. 340.
District Court, E. D. Missouri, E. D.
June 19, 1940.
*11 Walter Wehrle, of Clayton, Mo., and C. L. Shotwell, of Ballwin, Mo., for plaintiff.
William F. Kenney, of St. Louis, Mo., for defendant.
COLLET, District Judge.
The defendant's predecessor in title obtained an easement from Henry Woerther, Sr., dated October 12, 1917, the pertinent portions of which are as follows:
"That the undersigned Henry Woerther (single) (hereinafter styled `Grantor'), for and in consideration of the sum of Forty-eight & 50/100 Dollars ($48.50), in hand paid by the Yarhola Pipe Line Company, the receipt whereof is hereby acknowledged, doth hereby grant and convey unto the Yarhola Pipe Line Company, a corporation organized under the laws of the State of Oklahoma, (hereinafter styled `Grantee'), its successors and assigns, the Right of Way, from time to time to lay, construct, reconstruct, replace, renew, maintain, repair, operate, change the size of, and remove, pipes and pipe lines for the transportation of oil, petroleum or any of its products, gas, water, and other substances or any thereof, and to erect, maintain, operate and remove, upon a single line of poles, telephone and telegraph lines, or either of them, over, through, upon, under and across his land (property described above in Finding 2).
"Together with rights of ingress and egress to and from said line or lines, or any of them, for the purposes aforesaid. The Grantor to have the right to fully use and enjoy the above described premises, except as to the rights hereinbefore granted and the Grantee hereby agrees to pay any damages, which may arise to crops, timber, fences or buildings, of said Grantor from the exercise of the rights herein granted, said damages, if not mutually agreed upon to be ascertained and determined by three disinterested persons, one thereof to be appointed by the Grantor, one by the Grantee, and the third by the two so appointed, and the award of such three persons, or any two of them, shall be final and conclusive.
"Should more than one pipe line be laid under this grant, at any time, the same consideration per lineal rod as that paid for first line, shall be paid for each line so laid after the first line.
"All pipe laid under this grant shall be laid upon a route selected by the Grantee, its successors and assigns, and shall be buried to such depth as not to interfere with the ordinary cultivation of said land, and any line laid after the first line shall be laid parallel with and adjacent to said first line.
"To Have And To Hold said easement, rights and rights of way unto the said Yarhola Pipe Line Company, its successors and assigns.
"This agreement is binding upon the heirs, executors, administrators, successors and assigns of the parties hereto."
This easement was duly filed for record and its various terms requiring affirmative action at that time were complied with. The tract of land upon which the easement was impressed is an irregular tract of land located in St. Louis County, Missouri. It has recently been purchased by the plaintiff who is now the owner. The formal description is set out in the findings of fact. An examination of the quoted provisions of the easement discloses the uncertainty which brings about this action. The easement grants a right-of-way "from time to time to lay, construct, reconstruct, replace, renew, maintain, repair, operate, change the size of and remove pipes and pipe lines * * * and to erect, maintain, operate and remove upon a single line of poles, telephone and telegraph lines, over, through, upon, under and across his land." The course of the easement across the property was not described or fixed by the easement. The number of pipe lines was not limited. Neither was it stated upon which side of the original line additional pipe lines or the telegraph line should be laid or erected. At the time of the execution of the easement, evidently the property was used for strictly farming purposes and no *12 thought was given or provision made for contingencies which might arise from the future adaptation of the property to other than strictly agricultural purposes. A few years after the first pipe line and telegraph line were laid and erected, an additional pipe line was added. This additional pipe line was laid north of the original pipe line. The telegraph line was erected south of the original pipe line. The additional pipe line was laid parallel to the original line and six feet therefrom. The telegraph line was erected parallel with the original pipe line.
The tract of land lying north of the pipe lines is now desirable for building lots. The pipe lines are constructed in a northeasterly and southwesterly direction across the tract. At the east end of the tract the pipe lines are near the north line of the propertyso near that building lots north of the pipe lines near the east end of the tract have hardly sufficient depth to be desirable. As the pipe line continues westward the distance between the north property line and the pipe lines becomes greater with the result that the building lots along the north property line, with the exception of a few in the extreme east corner, now have sufficient depth. If, however, additional pipe lines are constructed to the north of the existing pipe lines, further encroachment will result on that part of the property suitable for building lots with substantial injury to the property for such purposes, whereas if additional lines are constructed to the south of the existing lines where the property is still fit only for agricultural purposes, no such special injury will result.
After the purchase of the property by plaintiff, negotiations were commenced by him for the sale of these building lots. Title examiners, acting for prospective purchasers of building lots, declined to approve title to the property because of the indefiniteness of the location of the easement. Plaintiff then commenced negotiations with defendant for the purpose of fixing definitely the course and width of the easement. These negotiations were fruitless and the present action was instituted for the purpose of obtaining a judicial construction of the easement, an adjudication of the exact title of the easement holder, the course and width of the easement across the property and, in the second count, for damages resulting to plaintiff on account of the failure of the defendant to define with definiteness its rights under the easement.
At the outset, it may be observed that while a court may construe an agreement, no court has the power or right to make agreements for parties either expressly or under the guise of construction. Obviously, the easement on its face is indefinite and uncertain. In so far as the intent of the parties may be ascertained from the easement, the contract evidenced thereby will be declared and made certain. In so far as the easement omits entirely any agreement on some of the questions now in dispute, the court must leave the parties where they are lest by doing otherwise new and additional agreements and contracts be foisted upon them under the guise of judicial construction.
The course of the easement across the property was made certain by the initial construction of the first pipe line. By that event, that which was theretofore uncertain was made certain. The described course of the location of the pipe lines is agreed. That course is now, therefore, a definite limitation upon the exercise of the easement.
The easement provides that additional pipe lines as well as the telegraph or telephone line shall be constructed parallel with and adjacent to the original pipe line. Therefore, the course of additional pipe lines is definitely determined by the terms of the easement and must be parallel with and adjacent to the original pipe line. The parties have for many years acquiesced in a construction of the term "adjacent to" as meaning at an interval of approximately six feet. While the construction placed by the parties upon the agreement is not always binding or conclusive yet it may be given weight in determining the intent of the parties. Applying that rule to the instant case, one further step may be taken and the declaration made that additional pipe lines other than those already constructed must, like the present lines, be within six feet from the existing lines. It may be necessarily implied from the terms of the easement in the light of its purpose and object that the lines will not be required to be less than six feet as well as more than that distance from the adjacent line eliminating the width of the pipe itself. We have in the manner stated progressed to the extent that the terms of the easement together with contemporaneous and *13 subsequent facts and events fixes the course of the easement at the present location of the original pipe line and the location of the telephone or telegraph line and additional pipe lines now constructed or to be hereafter constructed as parallel with the original pipe line with a space of six feet separating each utility.
Under ordinary circumstances, a much more difficult problem would be presented by the plaintiff's demand that the defendant's rights under the easement be declared to be such that it will be precluded from constructing additional pipe lines on the north side of the existing lines. No mention whatever is made in the easement as to which direction from the original line additional construction shall take. That question is simplified and in fact eliminated however by the attitude of the defendant. Defendant agrees that the court may formally declare and adjudicate that its right to construct additional pipe lines in the future be limited to the right to so construct those lines to the south of the telephone or telegraph line. That may and will be done pursuant to that agreement.
The plaintiff further prays for an adjudication determining the present width of the easement and limiting the future use thereof to the width now determined. To grant that relief would clearly amount to the making of a new contract for the parties in some particulars, at least, in direct conflict with the express terms of the existing easement. As heretofore noted, the easement confers the right to construct additional lines parallel with and adjacent to the existing lines and clearly confers the right to construct additional lines without limit as to number but upon payment of a stipulated amount per lineal foot. To construe the easement so as to prevent any future construction or future construction after a certain number of lines were laid would result in a clear abridgement of the rights conferred by the easement.
The further general request is made by the plaintiff that the court adjudicate all of the rights fixed by the easement. The easement fixes the compensation to be paid for the right to lay additional lines. This compensation does not include damages which may result from construction work in laying those lines or in "reconstructing, replacing, renewing, maintaining, repairing, operating, changing the size of and removing pipe lines." These latter damages are to be agreed upon or if not mutually agreed upon to be ascertained by arbitrators.
The rights of the parties to the surface of the ground is a further point in dispute, clarification of which is sought in this action. In that regard the easement makes the following provision: "Together with rights of ingress and egress to and from said line or lines, or any of them, for the purposes aforesaid. The Grantor to have the right to fully use and enjoy the above described premises, except as to the rights hereinbefore granted * *".
No provision is made in the easement limiting the right of the property owner to the use of the surface to within any given distance of the original or subsequently constructed pipe lines. No provision is made even that the surface of the ground over the pipe lines shall be kept free of buildings or other obstructions. The easement simply provides that the grantee shall have the right to lay the lines in the manner above described and shall have the right to reconstruct, etc., and that whatever damage, if any, resulting to the land, structures or crops located on the premises, will be paid. The landowner does not agree not to construct structures immediately adjacent to existing pipe lines or even over them. True, the grantee is given the right of ingress and egress to and from the lines, but the language of the easement implies that damages resulting from even the exercise of the right of ingress and egress shall be paid in addition to the nominal payment for the right to lay the lines since the easement specifically provides that damages shall be paid resulting "from the exercise of the rights herein granted." Obviously, the right to ingress and egress is one of those rights. It is apparent, therefore, that the easement reserves to the grantor the right to "fully use and enjoy" the property subject only to the right of the grantee to place pipe lines and a telegraph and telephone line as above noted, or to replace or reconstruct, etc., those facilities and to permit them to remain where constructed. Whatever damage which may result from an interruption of the full use and enjoyment of the surface of the ground, fences, crops, or otherwise suffered shall be compensated for. To construe the easement otherwise and to say that the property *14 owner must avoid such a use of the premises as might increase the amount of damages which the grantee would be required to pay in the event of the exercise of the rights conferred by the easement, would result in a requirement that the property owner keep the entire tract free of fences, buildings, crops or anything else which might in the future be in the way of the construction of pipe lines in such number as might underly the surface of the entire tract. In such an event, the property owner would be absolutely prohibited from making any valuable use of the premises whatever. Clearly, the easement was not intended to limit the right of the landlord to the use of the surface to any extent and to so construe it would be to read into the lease contractual provisions which are not existent.
It is unfortunate that the lease is indefinite and uncertain in this particular. But it is likewise unfortunate from the plaintiff's standpoint that the easement is indefinite and uncertain as to the number of pipe lines that may be laid and the consequent disruption of the use of the surface. But these omissions may not be corrected by construction.
The property owner, therefore, has the right to use the surface of the ground in any manner he sees fit so long as that use will not disturb, injure or destroy the pipe lines below the surface or the telephone and telegraph line above the surface. If he desires to erect a building or plant a crop on the surface of the ground adjacent to or even over the pipe lines there is nothing in the easement to forbid. Of course, if the landowner does so he will incur the risk of injury to those buildings, structures or crops from possible new construction and from repair or reconstruction of the existing facilities. But although the defendant possesses the right to enter upon the premises for the purposes stated yet the obligation to compensate for the injury caused from the exercise of that right likewise exists.
It should be clear from what has been said that the court has no power or right to determine what portion of the surface of the tract the defendant may use to the exclusion of the property owner or vice versa. The property owner may use the entire surface subject only to the right of the easement holder to injure crops or structures thereon for the particular purposes stated and with the obligation to pay damages therefor.
It may appear illogical that the contract should be construed as intended to confer a right which is the counterpart of the right of eminent domain when the latter may be possessed by defendant as a result of legislative enactment. The answer is that the reason or purpose for the agreement is now of importance only to the extent that such considerations may be valuable in determining the meaning of the instrument. After the meaning of the instrument has been determined it is unimportant that parties may have or may be able to secure the same rights in a different manner. Defendant or its predecessors in title may, although possessing the power of eminent domain, for good reason not have desired to exercise that right. The curious may find a reason for such an attitude in Ozark Pipe Line Corp. v. Monier et al., 266 U.S. 555, loc. cit. 566, 45 S.Ct. 184, 69 L.Ed. 439.
The second count of the petition in effect alleges that because of defendant's failure to agree with plaintiff on the extent of the use of the surface of the land and a definite announcement of the course of the right-of-way over the surface, defendant is liable to plaintiff for all damages arising out of the resulting uncertainty. It has been heretofore demonstrated that the easement does not require the defendant to mark off or define any portion of the surface which alone may be disturbed in the construction of additional pipe lines. And, since the easement does not require the defendant to do so, no damages may be predicated upon the defendant's refusal to make a new contract which might accomplish that purpose. Neither did the easement require the defendant to announce at any time that it was through with construction and that it would not add additional pipe lines to those already constructed; nor did the easement require that the defendant by formal deed of dedication locate the course of the original line which, when constructed, was by the terms of the easement to establish the course of that line and future lines across the property. Since the easement did not require the defendant to make the declaration last referred to, no damages may be recovered on account of defendant's failure to do that. It follows, therefore, that plaintiff is not entitled to *15 recover upon the second count of the petition.
A decree will be entered in conformity with the views expressed herein.