**Gertrude Fobar, Plaintiff-Appellant, v. Grace Higginson et al., Defendants-Appellees.**

Term No. 55–F–14.

Fourth District.

May 2, 1955.

Released for publication May 26, 1955.

Pyle & McCallister, of Carmi, for appellant.

Kern & Pearce, of Carmi, for appellees.

MR. JUSTICE BARDENS delivered the opinion of the court.

Plaintiff filed her complaint in the circuit court of White county seeking a mandatory injunction requir-

ing defendants to restore and maintain a drain tile running across their land. After hearing the evidence, the trial court concluded that plaintiff was not entitled to the relief sought and plaintiff appeals from such finding.

The complaint set out that plaintiff and defendants were the owners of adjoining 40-acre tracts of land across which ran a 10-inch farm drain tile which started in higher ground, came across plaintiff's land and then defendants' land, and ultimately emptied into a creek; that the circumstances of the construction of such drain tile are unknown; that defendants had permitted the portion of the drain on their land to become stopped up and fall into disrepair; that drainage from plaintiff's land is thereby impeded and portions thereof made too wet for farming; and that defendants have refused to repair or restore to effectiveness the portion of the drain across their land. It is also alleged that the drain tile constituted a mutual drainage system within the contemplation of Secs. 193, 194 and 195 of Chap. 42, Illinois Revised Statutes [Jones Ill. Stats. Ann. 42.289–42.291], which obligated defendants to refrain from obstructing or damaging the drain tile.

The decree found that (1) the drainage from plaintiff's land was adequate, (2) that the defendants receive no material benefits from such drainage system, and (3) that the evidence was insufficient to establish a system of drainage based on mutual agreement. However, it was ordered that plaintiff might go upon defendants' land to repair and restore the tile at her own expense. Plaintiff contends that the court erred in these findings.

The evidence established that the drain tile had been in existence for more than 50 years though no witness was able to say when or under what circumstances the system had been built; that the tile on plaintiff's land was in good condition but on defendants' land it was

31

stopped up, broken and at least in part washed out; that plaintiff's predecessor in title had, with permission from defendants, 15 years previously, dug out the tile across part of defendants' land and left an open drainage ditch. The evidence was conflicting as to the cause of the damage and destruction of the tile on defendants' land, plaintiff claiming overt acts of carelessness and refusal to make periodic repairs, and the defendants claiming deterioration from natural causes such as freezing and breaking, washing out, and filling up with dirt. Plaintiff's evidence showed that perhaps 15 acres of plaintiff's land is unable to drain properly because of the stopped-up tile; but this area is cultivated except in a wet season. Defendants' evidence indicated that their tract of land had sufficient surface and subsurface drainage without using the drain tile and that it was of little or no benefit to them.

■ Plaintiff's contention is simply that the evidence was sufficient to establish a statutory drainage system, its benefit to defendants, and therefore an obligation to maintain the tile commensurate with the benefit derived. It is argued initially that since the tile system has been in existence for so many years, a drainage system exists under the statute by implied agreement; that the acquiescence of the parties in the original construction of the drain tile is a sufficient inference of agreement. However, it should be noted that assuming the existence of such a statutory drainage system, there is no statutory duty on the part of the members of such system to repair and maintain the system. The duty is one to refrain from overt acts which are disruptive of the system, e. g., digging out tile and filling in ditches. Savoie v. Town of Bourbonnais, 339 Ill. App. 551.

■ Plaintiff's complaint charges no conduct on the part of defendants which is violative of this duty imposed by statute; rather, it is alleged that defendants

32

"permitted said drain tile to become stopped up and to get in a bad state of repair." Therefore, plaintiff's effort to prove the existence of a statutory drainage system is futile and unnecessary since there are no violations of the statute charged. In addition, it is to be observed that the effect of this statute is merely to enlarge drainage rights as they existed at common law and to create mutual easements before the expiration of the necessary common-law period. King v. Manning, 305 Ill. 31, 136 N. E. 730. But here the defendants acknowledge the existence of an easement across their land in favor of the plaintiff and the other owners of higher ground to permit maintenance and repair of the tile; and the evidence shows that some years previously, plaintiff's predecessor in title did exercise that right by going upon defendants' land to work on the drainage system. Therefore, in view of the absence of allegations of conduct by the defendants violative of the statute and defendants' acknowledgment of an easement across their land, it is unnecessary to decide whether the drainage system is governed by statute.

■■■■ The remaining question of how the burden of maintenance and repair of a drainage system is to be divided among the owners is one to be decided from the facts in each particular case by a determination of the extent to which the various owners of land served by the tile benefit from it. Sullivan v. Bagby, 335 Ill. 192, 166 N. E. 449; Cox v. Deverick, 272 Ill. 46. In the Cox case the court said,

"It is not necessarily an equitable division of the burden of maintaining such a ditch once it has been constructed and keeping the same free from obstructions, to impose upon the several owners the obligation of maintaining and keeping in repair that portion of the ditch extending through their premises. If one be the owner of the servient estate the ditch may be constructed partially for the benefit of his lands and par-

33

tially for the benefit of the dominant estate, or it may be constructed solely for the benefit of the dominant estate. The distribution of the burden of maintaining the ditch must necessarily be governed by the facts in each particular case. It does not appear from the proofs in this case that it would be equitable to require appellants to maintain that portion of the ditch extending through their premises."

Here, however, plaintiff urges that each landowner should be charged with maintaining and repairing the tile on his land and points out the benefit to defendants in having the water from the higher ground pass through their land by subsurface rather than surface drainage. On the other hand, the chancellor had before him testimony on behalf of defendants pointing to the adequacy of the drainage of their land without the tile system. He found on this issue for the defendants, and such finding must stand unless clearly contrary to the manifest weight of the evidence. It is true that the facts are subject to varying inferences both as to the benefit derived by defendants from the tile and as to the cause of damage to the tile. But the conclusions reached by the chancellor from the evidence presented to him are certainly as reasonable as the contrary inferences urged by the plaintiff on this appeal.

We, therefore, conclude that the decree of the chancellor was correct and should be affirmed.

Decree affirmed.

CULBERTSON, P. J. and SCHEINEMAN, J., concur.