**Mike Anthony BELUSKO, Jr., and Anna Catherine Belusko, Plaintiffs,**

v.

**PHILLIPS PETROLEUM CO., a Corporation, and Phillips Pipe Line Co., a Corporation, Defendants.**

**No. 1494.**

United States District Court
S. D. Illinois, S. D.

Sept. 12, 1961.

Ensel, Martin, Jones & Blanchard, Springfield, Ill., for plaintiffs.

Harry D. Turner, William J. Zeman, James Mullen, Bartlesville, Okl., Vandever & Vandever, Hillsboro, Ill., for defendants.

MERCER, District Judge.

Plaintiffs, Mike Anthony Belusko, Jr., and Anna Catherine Belusko, prosecute this suit against the defendants, Phillips Petroleum Company, a Corporation, and Phillips Pipe Line Company, a Corporation, for an injunction and an accounting for damages allegedly sustained by plaintiffs as a result of a continuing trespass upon plaintiffs' land.

The facts are stipulated. The decisive issues upon that stipulation of fact grow out of the construction to be placed upon the language of an instrument denominated as a "Right of Way Contract" as follows:

"For And In Consideration of the sum of Fifty & No/100 Dollars ($50.00) in hand paid, the receipt of which is hereby acknowledged, Elizabeth Mehlberg, a widow hereinafter referred to as Grantor, (whether one or more), does hereby grant unto Illana Company, a Delaware Corporation, hereinafter referred to as Grantee, its successors and assigns, the right to lay, maintain, inspect, alter, repair, operate, replace, remove and relay a pipe line, or pipe lines, for the transportation of oil and gas and products and by-products thereof, water and other substances, and such drips, valves, fittings, meters and other equipment and appurtenances as may be necessary or convenient (sic) for such operations under across (sic) the following described land in Montgomery County, State of Illinois, to-wit:

"The West half of the Southeast Quarter of Section 22, Township 8 North, Range 5 West of the Third Principal Meridian

"Together with the rights of ingress and egress to and from said

line or lines, or any of them, for the purpose aforesaid, Grantor hereby releasing and waiving all rights under and by virtue of the homestead exemption laws of this State. Grantor to have the right to fully use and enjoy the above described premises, except as to the rights hereinbefore granted; and Grantee hereby agrees to pay any damages which may arise to crops, fences or buildings of said Grantor from the exercise of the rights herein granted.

"Pipe line to be at least 40' from running water spring.

"Should more than one pipe be laid under this grant, at any time, an additional consideration, calculated on the same basis per lineal rod as the consideration hereinabove recited, shall be paid for each line so laid after the first line.

"Grantee shall bury pipe lines below plow depth, in presently cultivated fields.

"To Have And To Hold said easement, rights, and rights of way unto the said Grantee, its successors and assigns until said easement be exercised, and so long thereafter as the same shall be useful for the above named purposes.

"It is understood that the person securing this grant is without authority from Grantee to make any agreement in respect of the subject matter hereof not herein expressed.

"This agreement is binding upon the heirs, executors, administrators, successors and assigns of the parties hereto."

On and prior to January 23, 1939, Mrs. Mehlberg was the fee simple owner of the described premises. On that date, she executed the right of way contract as above set forth and then actually received the $50 consideration which is recited. The contract was duly signed and acknowledged by Mrs. Mehlberg and recorded in the Office of the Recorder of Montgomery County.

Between February, 1939 and October, 1939, Illana laid and constructed an 8-inch pipe line 72.9 rods in length across the premises. Thereafter, on December 13, 1939, Illana paid to Mrs. Mehlberg an additional consideration of $22.90 for the right to construct the line, plus the sum of $25.94 for damages to the land in the construction of the line. Upon receipt of the latter payment, Mrs. Mehlberg executed and delivered to Illana a receipt for damages which stated, in pertinent part, "receipt also includes payment in full for 22.9 rods at $1.00 per rod or $22.-90." In addition, that receipt contains a description of the lands to which it related and, by specific reference, affirmed all conditions and terms of the original right of way contract and acknowledged that all such terms and conditions had been faithfully performed and kept by Illana in laying the pipe line across the premises.

On November 30, 1939, Illana assigned the right of way contract to Phillips Petroleum Company. On June 30, 1951, the latter assigned the contract to defendant, Phillips Pipe Line Company, which is hereinafter referred to as Phillips. Phillips is, and at all pertinent times has been, the owner of the right of way contract and the rights created thereunder.

On October 14, 1951, plaintiffs became the owners in fee simple of the premises, subject to said right of way contract, by virtue of a deed from the heirs of Mrs. Mehlberg. The receipt from Mrs. Mehlberg for damages and additional consideration for the laying of the original pipe line was never recorded. Plaintiffs, at the time when they purchased and entered into possession of the premises had no knowledge or notice of the existence thereof, and no knowledge or notice of the fact that money had been paid to Mrs. Mehlberg as represented by the receipt.

By a letter dated August 1, 1951, Phillips tendered to plaintiffs a check in the amount of $73.10 as consideration for the laying of an additional pipe line 73.1 rods in length across the premises. Plaintiffs refused to accept the tendered check.

They returned it to Phillips with the statement of plaintiffs' position that Phillips had no right to lay a second line under the provisions of the Mehlberg contract. During the month of September, 1951, Phillips entered upon the premises and laid and constructed a 10 inch pipe line 73.1 rods in length across the premises parallel to, and some 8 feet from the location of the original line laid by Illana. Subsequent to that construction Phillips has operated the 10 inch pipe line for transportation of petroleum products. At all material times Phillips has made a continuing tender of $73.10 as consideration for the laying of the second line and also of payment for construction damages. Plaintiffs have continuously refused to accept either tender, contending that the provisions of the original right of way contract did not contemplate the laying of the second line across the land.

Since it is stipulated that Phillips is, and at all pertinent times has been, the owner of the rights under the right of way contract, I find that Phillips is the only party defendant having an interest in the litigation. Plaintiffs' complaint will therefore, be dismissed as to Phillips Petroleum Company.

Under the Illinois Recording Act, plaintiffs are not chargeable with notice of instruments which did not appear of record at the time when they purchased the real estate. Home Savings & State Bank v. Peoria Agricultural & Trotting Soc., 206 Ill. 9, 13–14, 69 N.E. 17; English v. Lindley, 194 Ill. 181, 193–194, 62 N.E. 522; Bullock v. Battenhousen, 108 Ill. 28, 35–36. Since the receipt signed by Mrs. Mehlberg relating to the subject easement and real estate was not recorded, plaintiffs are bona fide purchasers without notice of its provisions. Phillips' rights as against plaintiffs must, therefore, be determined from the face of the original right of way contract alone.

No question is presented as to the right of Phillips to maintain and use the first pipe line. Plaintiffs concede that Phillips, as remote assignee of Illana, has the legal right to maintain and use the original 8 inch pipe line under the terms of the right of way contract executed by Mrs. Mehlberg. By their complaint, which seeks an injunction against the continued maintenance of the second pipe line across the premises and an accounting for damages for a continuing trespass thereon, plaintiffs state some twelve alternative theories upon which it is alleged that the right of way contract is null and void to the extent that it is contended to authorize the laying of pipe lines in addition to the first. In the view which I take of the case, it is necessary to consider only two general categories of such alternative contentions, namely, that to the extent that the contract is contended to contemplate the laying of additional pipe lines, it violates the rule against perpetuities and is, therefore, void and unenforcible, and that the contract is too indefinite and uncertain in its provisions to be enforced against plaintiffs.

Plaintiffs ardently urge upon the court the rule against perpetuities as a bar to Phillips' claimed right to lay and maintain the second line under the Mehlberg contract. They argue that the contract is ambiguous in that the consideration to be paid for the construction of the second line and the time of payment thereof cannot be determined from the face of the contract; that, therefore, the contract, at most, constitutes an agreement to sell an interest in land at any time in the future when the grantee might choose to purchase; and that such an unlimited agreement violates the rule against perpetuities and is void.

That contention is rejected. Although the right of way contract is ambiguous, the easement thereby granted is, in its full scope, a vested interest. In pertinent part the contract provides that the grantor, for a valuable consideration, "does hereby grant to Illana Company * * * the right to lay, maintain, etc., a pipe line, or pipe lines for the transportation of oil and gas * * *" with the right of ingress and egress to and from the described premises for the purposes of laying and maintaining such line or lines. Whatever the rights created by

the instrument, they became vested in Illana when the instrument was delivered and the consideration therefor was paid.

The facts of this case are not remotely parallel to those of Barton v. Thaw, 246 Pa., 348, 92 A. 312, upon which plaintiffs principally rely. There the court dealt with a covenant in a conveyance of mineral rights by which the grantor, his heirs and assigns, agreed to convey the fee estate to grantees, or their heirs or assigns, should the latter "at any future time whatsoever desire to puchase any of the land in fee simple". The court said that it was dealing with a covenant to sell land which was limited in time only by the bounds of eternity and which was therefore void and violative of the rule against perpetuities. Ryan v. Beshk, 339 Ill. 45, 170 N.E. 699; Beatty v. Stanley, 298 Ill. 444, 131 N.E. 687; and Johnson v. Preston, 226 Ill. 447, 80 N.E. 1001, 10 L.R.A.,N.S., 564, are equally distinguishable. In each of those cases, the court found that an interest in land created by grant or devise was contingent upon an event which might not occur within the limits of the rule against perpetuities.

█ If the grant of this contract is broad enough in scope to encompass the right to lay the second pipe line, the fact that an exercise of that right might be delayed for a millennium would not bring the rule against perpetuities into play. On the contrary, that fact is a common incident of utility right of way grants. Such grants have been repeatedly interpreted as creating an expansible easement, i. e., a vested right to expand the user and to increase the burden upon the servient land as the needs of the holder of the easement might require. E. g., Hamilton v. Transcontinental Gas Pipe Line Corp., 236 Miss. 429, 110 So.2d 612; Sorrell v. Tennessee Gas Trans. Co., Ky., 314 S.W.2d 193; Baker v. Tennessee Gas Trans. Co., 194 Tenn. 368, 250 S.W.2d 566; Babler v. Shell Pipe Line Corp., D.C. E.D.Mo., 34 F.Supp. 10; Caruthers v. Peoples Nat. Gas Co., 155 Pa.Super. 332, 38 A.2d 713; Violation of the rule against perpetuities was urged in both the Hamilton and Caruthers cases and re-

jected by the court in each instance. I accept those decisions as well reasoned and correct, and as in accordance with the law of Illinois that postponement of use or enjoyment of a vested interest does not bring the interests within the rule. Chicago Title & Trust Co. v. Shellaberger, 399 Ill. 320, 334, 77 N.E.2d 675; Fleshner v. Fleshner, 378 Ill. 536, 540–541, 39 N.E.2d 9; O'Hare v. Johnston, 273 Ill. 458, 463, 113 N.E. 127.

As I see it, the critical issue of this case is whether the language of the right of way contract is sufficiently certain that the intentions of the parties may be determined. Construing an easement which was strikingly similar to this contract, the court, in Babler v. Shell Pipe Line Corp., D.C.E.D.Mo., 34 F.Supp. 10, 12, stated the following admonition which is here pertinent:

"At the outset, it may be observed that while a court may construe an agreement, no court has the power or right to make agreements for parties either expressly or under the guise of construction. Obviously, the easement on its face is indefinite and uncertain. In so far as the intent of the parties may be ascertained from the easement, the contract evidenced thereby will be declared and made certain. In so far as the easement omits entirely any agreement on some of the questions now in dispute, the court must leave the parties where they are lest by doing otherwise new and additional agreements and contracts be foisted upon them * * * [by] judicial construction."

█ It is obvious to the court that this right of way contract is ambiguous. Each of the parties, by stressing particular language drawn from the contract, to the exclusion of other parts thereof, asserts an intention of the parties to the contract consistent with the respective positions taken. Plaintiffs insist that, with reference to the right to lay the second pipe line, the contract created nothing more than an option to purchase further rights at an indeterminate time in the future for a consideration which

cannot be ascertained from the face of the instrument. Phillips, with equal fervor, finds a present grant of the right to lay the first line and additional lines as the need therefor should arise. However, the position of each can be sustained only by reading into the contract provisions which are not necessarily implied by the language adopted by the contracting parties. Each party, in effect, is asking the court to rewrite the contract consistently with the position which he has taken. This the court may not do. It's power is to determine the intent of the parties as far as it is expressed in the language which the parties adopted. If the intent may not be determined as to any question in dispute, the contract is, to that extent, without force.

The right of way contract in issue partakes of the characteristics of both a conveyance or grant of a right in land and a contractual agreement for permissive rights in the future. The language used is ambiguous as to both characteristics.

While it is clear that a right in land, an easement, is granted, it is far from clear what that right may be, except as to the area not in dispute. Plaintiffs concede that the grant encompasses the right to lay, maintain and use, perpetually, the pipe line laid in 1939. It is not clear, however, whether any right in addition thereto was granted.

Under the granting clause, Mrs. Mehlberg granted to Illana "the right to lay" maintain, operate, etc., "a pipe line, or pipe lines" for the transportation of petroleum products under and across the described premises, together with the right of ingress and egress "to and from said line, or lines, or any of them," for that purpose, to have and to hold the easement "and rights of way" unto Illana "until said easement be exercised and so long thereafter as the same shall be useful for the purposes stated."

If that granting clause, alone, were considered, the grant is indistinguishable from the grant in litigation in Winslow v. City of Vallejo, 148 Cal. 723, 84 P. 191, 5 L.R.A.,N.S., 851. There a grant

of a right of way "for any water pipes or mains" which might be laid by the City was construed to not include the right to make a second entry upon the land to lay any pipe in addition to the single pipe first laid by the city. In pertinent part the court said:

"The rule is well settled that where a grant of an easement is general as to the extent of the burden to be imposed [up]on the servient tenement, an exercise of the right, with the acquiescence and consent of both parties, in a particular course or manner, fixes the right and limits it to the particular course or manner in which it has been enjoyed." 84 P. at page 192.

To the argument that the use of the plural "pipes" and "mains" throughout the grant showed an intention to permit the laying of pipes in addition to that first laid, the court stated that the city might, at the outset, have laid more than one pipe, but that the City, having elected to lay one pipe only, was bound by that election.

The decision in Winslow is in apparent accord with the law of Illinois. E. g., Elser v. Village of Gross Point, 223 Ill. 230, 79 N.E. 27; Sullivan v. Bagby, 335 Ill. 192, 195–196, 166 N.E. 449.

Plaintiffs rely upon the Winslow case as decisive of the issue here, but that reliance is misplaced. In addition to the granting clause above summarized, the right of way contract contains additional provisions which must be given effect if possible to do so, Rhomberg v. Texas Co., 379 Ill. 430, 40 N.E.2d 526; Smith v. Grubb, 402 Ill. 451, 461–462, 84 N.E.2d 421, upon application of the established principle that a court, in construing a written instrument, must give consideration to the instrument as a whole. Midwest-Radiant Corp. v. Hentze, 7 Cir., 171 F.2d 635, 638; Walker v. Illinois C. R. Co., 215 Ill. 610, 618, 74 N.E. 812.

Of these additional provisions, principal reliance is placed by Phillips upon the following: "Should more than one pipe be laid under this grant, *at any time*, an

additional consideration, calculated on the same basis per lineal rod as the consideration hereinabove recited, shall be paid for each line so laid after the first line." (Emphasis supplied.) Phillips argues, stressing the emphasized "at any time", that the latter clause clearly expresses the intention of the parties that the grant was to be of an expansible easement for the laying of pipes from time to time as the needs of the easement holder might require.

As does the plaintiffs' argument upon the Winslow case, Phillips' argument begs the question by ignoring certain salient provisions of the instrument and facts, to-wit: (1) the provisions, "Grantor to have the right to fully use and enjoy the above described premises, except as to rights hereinbefore granted", which precedes the clause upon which Phillips' reliance is placed; (2) the provisions, "Grantee to bury pipes below plow depth, *in presently cultivated* fields", (Emphasis supplied); and (3) most important, in the view which I take of the case, the fact that no consideration "per lineal rod" of pipe and no standard by which such consideration is to be determined is recited in any part of the instrument.

Considered as a whole, the instrument is so vague that, although the court has kept this case under advisement for a period of some weeks, the court can still only guess at the intention of the parties. While it would seem apparent that the laying of additional lines was in the contemplation of the parties to the instrument, neither, as grantor and grantee, respectively, saw fit to spell out the contemplated user by express grant or any provision which would spell out their intention as to location of additional lines in relation to the location of the first and which would provide a basis for computing the consideration for any line which might subsequently be laid. Although a number of courts have held that a rule of reasonable enjoyment of the easement will govern the question of the location and number of additional lines when the consideration for the exercise of a right to impose an additional burden may be determined, e. g., Crawford v. Tennessee Gas Trans. Co., Tex.Civ.App., 250 S.W.2d 237, 240; Fulcher v. Dierks Lumber & Coal Co., 164 Ark. 261, 261 S.W. 645, 648; cf., Perry v. Wiley, 285 Ill. 25, 29–30, 120 N.E. 455; Barber v. Allen, 212 Ill. 125, 131–133, 72 N.E. 33, no case is found in which a court, under the guise of construction, has decreed the element of consideration where the instrument in question provided no standard for that determination. In that respect, this right of way contract is analogous to the lease which was before the court in Folsom v. Harr, 218 Ill. 369, 75 N.E. 987. There the court held a clause in a lease which provided that the lessee was to have the first "chance" to buy the leased premises should the lessor decide to sell, too indefinite and uncertain for enforcement for the reason that no standard for fixing a sale price was stated in the agreement.

I conclude that the right of way contract is too indefinite and uncertain to authorize the claimed right to lay the second line, and that Phillips acted at its peril when it entered the land for that purpose despite plaintiffs' protests. The effect of that conclusion is the further conclusion that Phillips, by its unauthorized act, increased the burden upon plaintiffs' land without the right so to do. An injunction is the appropriate remedy. Texas Co. v. O'Meara, 377 Ill. 144, 36 N. E.2d 256; Elser v. Village of Gross Point, 223 Ill. 230, 79 N.E. 27; Carpenter v. Capital Elec. Co., 178 Ill. 29, 52 N.E. 973, 43 L.R.A. 645.

The following cases relied upon by Phillips are clearly distinguishable from the case at bar. Hamilton v. Transcontinental Gas Pipe Line Corp., 236 Miss. 429, 110 So.2d 612; Sorrell v. Tennessee Gas Trans. Co., Ky., 314 S.W.2d 193; Crawford v. Tennessee Gas Trans. Co., Tex.Civ.App., 250 S.W.2d 237; Baker v. Tennessee Gas Trans. Co., 194 Tenn. 368, 250 S.W.2d 566; Tennessee Gas Transmission Co. v. Bayles, D.C.W.D.La., 74 F.Supp. 258; Caruthers v. Peoples Natural Gas. Co., 155 Pa.Super. 332, 38 A.2d 713; Patterson v. Chambers Power Co., 81 Or. 328, 159 P. 568. In each of those

cases, the instrument under construction contained an express grant of the right to expand the burden upon the servient land, from time to time, in excess of the original user. Where that were a factor, each instrument also fixed the consideration to be paid for expansion of the user.

The instrument construed in Babler v. Shell Pipe Line Corp., D.C.E.D.Mo., 34 F.Supp. 10, 11, is distinguishable from this right of way contract in at least two particulars. First, the grant was "the Right of Way, *from time to time* to lay \* \* \* pipes and pipe lines" across described premises. (Emphasis supplied.) Secondly, the consideration for the laying of lines in addition to the first line was recited to be "the same consideration per lineal rod as that paid for [the] first line". No issue was presented as to indefiniteness of the consideration for lines subsequent to the first, and the court summarized the grant as clearly conferring "the right to construct additional lines without limit as to number but upon payment of a stipulated amount per lineal foot (sic)." 34 F.Supp. at page 13.

What has been said disposes of Phillips' argument that consideration for the right to lay the second line must be presumed from the fact that the right of way contract bears a private seal. Assuming that adequate consideration supports the claimed right, the grant of the right is too indefinitely expressed in the contract to permit it to be enforced.

Finally, plaintiffs' argument that the easement created by the contract, being not appurtenant to a dominant estate in land, was not assignable is rejected upon the language of the contract itself and upon a common sense recognition that the rule of nonassignability of easements in gross can have no application to commercial utility and railroad rights of way. See, to that effect, Johnston v. Michigan Consol. Gas Co., 337 Mich. 572, 60 N.W.2d 464.

My findings of fact and conclusions of law are contained in the above memorandum.

The complaint will be dismissed as to the defendant, Phillips Petroleum Company. Judgment will be entered for plaintiffs against the defendant, Phillips Pipe Line Company, for an injunction in accordance with the prayer of the complaint. Plaintiffs shall submit a judgment order, prepared in accordance with the views herein expressed, to Phillips for approval as to form and then to the court for entry. At Phillips' request, such judgment order may include the requisite findings under 28 U.S.C. § 1292(b) for an interlocutory appeal.

The issues upon assessment of damages are reserved for trial at a future date.